GRINDE v. THE M. & ST. P. R. CO.

1. **Pleading:** MORE SPECIFIC STATEMENT. In an action for damages against a railway company, the petition alleged that "the defendant by its agents and servants did run * * one of their engines in such a grossly negligent and careless manner that the same ran against and over" plaintiff's cow and killed her: *Held*, that the petition was not vulnerable to a motion for a more specific statement.

2. ——: ——: CONCLUSIONS OF LAW. While mere abstract conclusions of law cannot be pleaded, yet allegations which combine the elements of such conclusions and also of fact are admissible in a pleading.

*Appeal from Winneshiek District Court.*

WEDNESDAY, MARCH 22.

PLAINTIFF alleges in his petition that he was the owner of a certain cow, which casually strayed upon the track of defend-

ant's road. That said defendant by its agents and servants did run and manage one of their engines in such a grossly negligent and careless manner, that the same ran against and over said cow and killed her.

Defendant moved for a more specific statement, claiming that the allegation of negligence is so general, indefinite and uncertain, that the precise nature of the charge is not apparent.

Motion overruled; defendant excepted, and failing to answer, judgment was rendered for plaintiff by default, and defendant appeals.

*Thos. Updegraff*, for appellant.

*Levi Bullis*, for appellee.

ROTHROCK, J.—We are of opinion that the petition is sufficiently specific. It does not follow, because negligence is a mixed question of law and fact, that the general allegation is pleading a legal conclusion only. The facts necessary to be pleaded are not merely physical facts. It is not allowable to plead mere abstract conclusions of law, having no element of fact; they form no part of the allegations constituting a cause of action; but if they contain the elements also of a fact, construing the language in its ordinary meaning, then force and effect must be given to them as allegations of fact, as when necessaries are furnished to an infant, or when a deed or mortgage is alleged as having been made, or the ownership of property is asserted; the general allegation is sufficient, being the ultimate fact to be established by evidence. To allege more would be to plead the evidence which is not allowable. *Oldfield v. N. Y. & Harlem R. Co.*, 14 N. Y., 310; *Nolton v. Western R. Co.*, 15 N. Y., 444.

AFFIRMED.