M. W. COCKRUM, Appellee, *vs.* THEODORE C. KELLER, Appellant.

*Opinion filed April 19, 1913.*

1. PRACTICE—*in a suit at law a party has a right to make a motion for a new trial.* In an action at law the defeated party has a right to make a motion for a new trial and to the judgment of the trial court upon all the questions that may properly be raised by such motion.

2. SAME—*moving for judgment on the special findings does not waive motion for new trial.* A motion for judgment on the special findings of the jury and against the general verdict is not a waiver of the right to move for a new trial.

3. SAME—*correct practice where the Appellate Court reverses judgment entered on special findings.* Where the trial court enters judgment for the defendant on the latter's motion for judgment on the special findings and against the general verdict, the Appellate Court, upon reversing the judgment on the ground that judgment should have been on the general verdict, should remand the cause, with directions to allow the defendant to move for a new trial if he sees fit to do so, and if the motion is overruled to enter a judgment on the general verdict.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Franklin county; the Hon. E. E. NEWLIN, Judge, presiding.

UNDERWOOD & SMYSER, and HART & WILLIAMS, (CHARLES R. YOUNG, and MOSES PULVERMAN, of counsel,) for appellant.

DILLON & STRICKLAND, and LAYMAN & JOHNSON, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

M. W. Cockrum brought an action on the case against Theodore C. Keller in the circuit court of Franklin county alleging fraud and deceit in connection with the sale of coal interests. The issue joined upon the plea of not guilty was submitted to the jury. The jury returned a general verdict in favor of the plaintiff below and assessed his damages at $3800. In addition to the general verdict certain interrogatories were submitted, at the request of the parties, to the jury for special findings. The following questions were submitted and answers given thereto by the jury:

2. "What thickness of coal do you find is, in fact, beneath or underlying the surface of said land?—Ans. Nine feet.

3. "What thickness, if any, of impurities, blueband, rock, mining fault, dirt or other foreign substance do you find exists within said coal, as shown by the core taken from the land of plaintiff by drilling thereon?—Ans. Seven inches.

4. "What thickness of impurities, blueband, rock or mining fault do you find to exist in the coal underlying the surface of the land formerly owned by plaintiff and described in the declaration?—Ans. One inch.

5. "What thickness of coal and what thickness of slate, rock, blueband, dirt or other foreign substances do you find in the coal which underlies the land formerly owned by the plaintiff in this suit, as described in the declaration?—Ans. Nine feet and one inch.

7. "Do you find that defendant personally directed or authorized any tampering or interfering with or changing the core taken out by drilling on the land of said plaintiff?—Ans. Yes.

8. "Do you find that defendant personally made to plaintiff personally any false statement concerning coal underlying land then owned by plaintiff?—Ans. Yes."

Upon the coming in of the general verdict and special findings the defendant below made a motion for a judgment in his favor notwithstanding the general verdict. This motion was sustained and judgment entered for the defendant accordingly. Plaintiff below appealed to the Appellate Court for the Fourth District. That court, upon a consideration of the special findings, reached the conclusion that the circuit court had erred in entering a judgment on the special findings and reversed the judgment below and remanded the cause, "with directions to the court below to enter judgment in favor of appellant upon the general verdict for the sum of $3800, together with the cost." The Appellate Court allowed an appeal to this court and granted a certificate of importance.

The only question considered by the Appellate Court was whether the special findings were inconsistent with the general verdict.

In the declaration it was alleged, in substance, that appellee, in June, 1905, was the owner of some three hundred acres of coal and mineral lands in Franklin county, and that appellant was a coal operator desiring to buy the coal, mineral and gas underlying the same and certain lands contiguous thereto; that in order to ascertain the quality of the underlying mineral appellant secured permission to drill a test well upon appellee's land and also upon two adjoining tracts; that appellant did go upon said lands and drill three prospect holes and secured three cores of coal, which demonstrated that said coal field contained a stratum of coal eight feet and six inches in thickness, practically free from

foreign or faulty substance and of extra fine quality; that appellant showed appellee three cores of coal purporting to be taken from said premises, containing a parting of slate, rock or other foreign substance, and represented to appellee that the stratum of coal underlying the premises of the latter contained a parting of rock, slate or other foreign substance and was therefore practically worthless; that said representations of appellant as to the said parting of rock, slate and other foreign substances were untrue and were falsely and fraudulently made for the purpose of deceiving and defrauding appellee; that the stratum of coal so underlying the premises of appellee did not contain said parting of slate, rock or other foreign substances; that said parting contained in said cores of coal as exhibited was fraudulently placed there by appellant or his agent at his request; that appellee did not know that the representations of appellant, as aforesaid, were false, but, relying upon the truth of the same, conveyed to appellant the coal, oil, gas and other minerals underlying the said premises for the sum of $7.50 per acre, to the damage of appellee of $16,000.

By special interrogatory No. 2 the jury found that the vein of coal underlying the surface of said lands was nine feet thick. By their answer to interrogatory No. 4 they found the thickness of the impurities in said vein of coal to be one inch. By interrogatory No. 7 the jury found that the defendant below personally directed and authorized tampering with the core taken out by drilling on the land of appellee, and by the answer to interrogatory No. 8 the jury found that appellant had personally made false statements concerning the coal underlying the lands of appellee. Interrogatory No. 3 was as follows: "What thickness, if any, of impurities, blueband, rock, mining fault, dirt or other foreign substance do you find exists within said coal, as shown by the core taken from the land of plaintiff by drilling thereon?" To this question the jury answered, "Seven inches." Apparently the circuit court construed this find-

ing as referring to the actual condition of the coal in the ground, and that the jury had thereby found that there was a seam seven inches thick of impurities in the vein. Upon no other theory can we account for the judgment that was rendered.

In order to correctly understand the special findings it is necessary to construe all of them together. The jury, by their answer to interrogatory No. 4, specifically and clearly found that the thickness of the impurities in the vein of coal in the ground was one inch. They also found that false representations had been made to appellee in regard to the coal, which apparently refers to the representations set out in the declaration that there was a seam or fault in the stratum of coal which practically rendered it worthless. As we construe the answer to interrogatory No 3, we think the jury understood the question to refer to the core after it had been tampered with under the direction of appellant, as found in the answer to interrogatory No. 7. Thus construed the special findings are entirely consistent with the general verdict, and this was the view of the Appellate Court. The Appellate Court did not err in holding that the special findings did not control the general verdict for appellee.

There is, however, an error in the judgment of the Appellate Court in regard to the directions that are given to the trial court in the remanding order. Upon the return of the special findings with the general verdict appellant had a right to enter his motion for a judgment upon the special findings, and if that motion was overruled he could save an exception to the ruling of the court and then make a motion, if he so desired, for a new trial on the merits. If his motion for judgment on the special findings was sustained he would have no occasion to make a motion for a new trial, as the sustaining of such motion would have the effect of a verdict in his favor. The judgment of the court below on the special findings having been reversed by the

Appellate Court, left the parties in the same situation they would have occupied had the motion been overruled by the trial court. A party in a law case against whom a verdict has been rendered has the right to his motion for a new trial and to the judgment of the trial court upon all of the questions that may properly be raised by such motion. Whether the right to move for a new trial is waived by a motion for judgment upon special findings is a question upon which the authorities outside of our own State are in conflict, but the rule must be regarded as settled in this State by the decision in *Chicago and Northwestern Railway Co.* v. *Dimick*, 96 Ill. 42, that the making of a motion for a judgment upon special findings is not a waiver of the right to move for a new trial. The rule in this State is followed by the Supreme Court of Indiana. (*Indianapolis and Vincennes Railroad Co.* v. *McCaffrey*, 62 Ind. 552; *Ronan* v. *Meyer*, 84 id. 390.) The reversal by the Appellate Court of the judgment below because the court erroneously entered a judgment on the special findings when it should have overruled such motion and entered a judgment on the general verdict does not have the effect of setting aside the general verdict and requiring a trial *de novo*. The effect is simply to reverse the erroneous judgment and leave the parties in no different situation than they would have been had such motion not been made, or having been made, had been overruled by the trial court. The proper order, in this situation, in the Appellate Court would have been a reversal and a remandment of the case to the circuit court, with directions to that court to overrule the motion for a judgment upon the special findings and to entertain a motion for a new trial should the defendant below see proper to make one, and if said motion for a new trial were overruled, then to enter judgment upon the general verdict.

In *Quick* v. *Indianapolis and St. Louis Railway Co.* 130 Ill. 334, the following situation was presented: The action was for a personal injury. The jury found a general ver-

dict for the plaintiff and answered several special interrogatories. The defendant moved for judgment on the special findings. That motion was sustained and judgment entered accordingly. The Appellate Court affirmed the judgment below and the case was brought to this court by a further appeal. This court disagreed with the Appellate Court as to the effect of the special findings and held that the trial court erred in entering judgment thereon and that the judgment of the Appellate Court affirming the same would have to be reversed. The cause was remanded to the Appellate Court, with directions to that court to reverse the judgment of the circuit court and remand the cause to that court, with directions to it to entertain a motion for a new trial by the defendant if one should be made, and if such motion be overruled, to enter judgment on the general verdict. The practice followed in that case seems to us to be the correct one. To sustain the judgment of the Appellate Court in this case would have the effect of cutting off the right of the defendant below to move for a new trial. The general verdict of the jury in this case has never had the approval of the trial court and the merits of the controversy have not been reviewed or passed upon by the Appellate Court. These are rights which the parties have not waived, and a practice should not be sanctioned which deprives a party of them.

The judgment of the Appellate Court is reversed and the cause remanded to that court, with directions to reverse the judgment and remand the cause to the circuit court, with directions to that court to overrule the motion for judgment on the special findings and to entertain a motion for a new trial if one shall be made, and if such motion is overruled, to enter judgment on the general verdict. The costs in this court will be adjudged against the appellant, Theodore C. Keller.

*Reversed and remanded to Appellate Court.*