A. POMERANTZ, Appellant, v. PENNSYLVANIA-DIXIE CEMENT CORPORATION, Appellee.

No. 40788.

1008

Lappen & Carlson, for appellant.

Stewart & Hextell, for appellee.

Morling, J.—The petition as it stood at the time of the submission of the case to the jury alleged "that * * * plaintiff at the invitation, insistence and request of said defendant's agents went onto and upon the premises of the said defendant corporation and while walking on the regular laid out path * * * for the purpose and intent of carrying out the instructions of the defendant's agents, as given him, the said plaintiff stepped into a mound of ashes which were in the path and in the road of his walking and which from all appearance, were placed there for the purpose of passing and walking over the same; that said ashes were hot * * * That because of said ashes maintaining excessive heat, which from all outward appearances did not show or indicate that the same were hot, being so hot, that the said plaintiff caused his feet to become severely burned * * * That the existence of the dangerous and hot ashes and cinders upon the defendant's property in the condition as the same were at the time the plaintiff sustained his injuries was a dangerous situation under the complete control of the defendant and the failure of the defendant to find the same and to remove the same or to protect the plaintiff from entering into the same, constituted negligence and the maintenance of a nuisance by the defendant."

At the conclusion of plaintiff's evidence defendant moved for a directed verdict because among other grounds "upon the petition as now substituted there is no sufficient allegation thereof negligence to warrant the court in submitting the case to a

jury upon any theory. * * *'' Motion was overruled, was at the conclusion of all the evidence renewed and again overruled. The jury brought in a verdict for plaintiff upon which judgment was on the same day entered. The next day defendant was given ten days to file motion for new trial and motion for judgment notwithstanding the verdict. After the five days but within the ten days defendant filed ''exceptions to instructions, motion for new trial and motion for judgment notwithstanding the verdict,'' the first part of which consisted of exceptions to instructions, the second ''motion for new trial'' on the usual grounds, and the third ''motion for judgment notwithstanding the verdict,'' among other grounds ''for each and every reason set forth in the motion for a directed verdict at the close of plaintiff's testimony * * *.'' The judgment entered on this motion recites that the matter came on ''for final determination on the defendant's exceptions to the instructions and the defendant's motion to set aside the verdict of the jury and defendant's motion for new trial, and defendant's motion for judgment notwithstanding the verdict of the jury, and the Court * * * finds that defendant's motion to set aside the verdict of the jury heretofore rendered should be sustained. The court further finds that the defendant's motion for judgment notwithstanding the verdict of the jury should be sustained.'' It was adjudged that defendant's motion for judgment notwithstanding the verdict be sustained, and the petition dismissed on its merits. Plaintiff appeals.

I. Plaintiff argues that the motion was not timely. He ignores in his abstract and arguments the order granting an extension made the next day after the verdict was returned. On the record the motion was filed in time.

II. Defendant contends that the petition at the time of the submission did not state a cause of action upon which the court could submit to the jury with any reasonable accuracy whether or not the defendant was or was not in any manner negligent; that it is not claimed in the petition that the omission of defendant to do or not to do anything was the proximate cause of the injury; that ''it would have been subject to a demurrer for the reason that it did not contain sufficient allegations of negligence to cast any liability upon the defendant.'' The petition did state that plaintiff was on defendant's premises by invitation, that there was thereon a mound of hot ashes in the

path or road "placed there for the purpose of passing and walking over the same," that the existence thereof "was a dangerous situation under the complete control of the defendant and failure of the defendant to find the same and to remove the same or to protect the plaintiff from entering into the same constituted negligence and the maintenance of a nuisance by the defendant." Whether or not a motion for more specific statement would lie is a question not before us. See Grinde v. M. & St. P. R. Co., 42 Iowa 376; Scott v. Hogan, 72 Iowa 614; Hanen v. Lenander, 178 Iowa 569, 576; 45 C. J. 1082. The facts out of which plaintiff's injury arose were set out. The petition contained a general averment of negligence. It was good as against general demurrer or motion in arrest. 45 C. J. 1079; 34 C. J. 34; Code, 1927, Section 11553.

III. Plaintiff contends that the motion for judgment notwithstanding the verdict is a waiver of the motion for new trial. There was but one motion in which there were three divisions. By his ruling the court set aside the verdict of the jury. This but for the further ruling as one on motion for judgment notwithstanding the verdict would have operated as an award of a new trial. The court sustained the motion to the further extent that it asked for judgment notwithstanding the verdict. The trial court has a wide discretion in setting aside a verdict and granting a new trial. White v. Walker, 212 Iowa 1100. No abuse of discretion is asserted. Though the motion united different objects that ordinarily, and perhaps more properly, are asked for by separate motions, yet the motion was, and was submitted as, a single one. The ruling is before the court in its entirety. The ruling to the extent to which it granted the motion as a motion for judgment notwithstanding the verdict and dismissed the petition upon the merits was erroneous and is reversed. To the extent to which it set aside the verdict with resultant grant of new trial the ruling was within the discretion of the court and is affirmed.—Reversed in part; affirmed in part.

FAVILLE, C. J., and EVANS, STEVENS, ALBERT, KINDIG, WAGNER, and GRIMM, JJ., concur.