(No. 26032.—

VICTOR J. HERB, Appellee, *vs.* NORMAN PITCAIRN *et al.*
Appellants.

*Opinion filed September 15, 1941.*

WARNOCK, WILLIAMSON & BURROUGHS, for appellants.

MERRITT U. HAYDEN, MARK D. EAGLETON, ROBERTS P.
ELAM, and McGLYNN & McGLYNN, for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

Appellee brought this suit in the city court of Granite
City against appellants to recover damages for personal
injuries received while employed by appellants as a switch-
man. The accident occurred in the switching yards of the
Staley Manufacturing Company at Decatur, Illinois. The
complaint on which the case was tried alleged that appellee
was employed by appellants as a switchman; that appel-
lants, as receivers of the railway company, were operating
as a common carrier; that at the time of the injury both
appellee and appellants were engaged in interstate com-

merce and were subject to the provisions of the Federal Employer's Liability act. (45 U.S.C.A. secs. 51-59.) It was further alleged that the injuries to appellee resulted from a violation, by appellants, of the Federal Safety Appliance act. (45 U.S.C.A. sec. 12.) At the close of plaintiff's evidence appellants moved the court to instruct the jury to return a verdict in favor of the defendant. Ruling on this motion was reserved by the court. The motion was renewed at the close of all the evidence. The ruling on this motion was likewise reserved and the cause was submitted to the jury. The jury returned a verdict in the sum of $30,000 in favor of appellee. Thereafter, the court sustained the motion for a directed verdict and entered judgment *non obstante veredicto* in favor of the defendants and in bar of the action. In sustaining the motion for a directed verdict, and entering judgment *non obstante veredicto,* the court followed the practice authorized by section 68 (3)a of the Civil Practice act. (Ill. Rev. Stat. 1939, chap. 110, par. 192 (3)a.) From that judgment appellee perfected an appeal to the Appellate Court for the Fourth District. That court reversed the judgment of the trial court and entered judgment on the verdict in favor of appellee and against appellants under sub-paragraph (3)c of section 68 of the Civil Practice act. Ill. Rev. Stat. 1939, chap. 110, par. 192 (3)c.

Since this case was decided by the Appellate Court, this court, in *Goodrich* v. *Sprague,* 376 Ill. 80, held section 68 (3)c of the Civil Practice act invalid for the reason that it was an attempt to confer original jurisdiction on a court of review and deprives a litigant of the right to the judgment of the trial court upon all questions which may properly be raised by a motion for a new trial, in violation of the constitution. In view of this holding it is unnecessary to consider any other question in this case.

Appellants, as defendants in the trial court, had the right to file a motion for a directed verdict in their favor.

This they did at the close of the plaintiff's evidence and again at the close of all the evidence in the case. Under the above section of the Civil Practice act the court had the right to reserve a ruling on that motion and submit the case to the jury. A verdict having been returned in favor of the plaintiff, the court was then required to pass on the motion for a directed verdict. If the court then decided, as a matter of law, that appellants were entitled to a directed verdict, it was the duty of the court to enter judgment *non obstante veredicto*. The practice followed by the trial court was strictly according to law.

Had the trial court overruled the motion for a directed verdict, appellants had the right, under section 68 (1) of the Civil Practice act, (Ill. Rev. Stat. 1939, chap. 110, par. 192 (1),) to file a motion for a new trial and have the court pass on all questions which could properly be raised by such motion. By filing their motion for a directed verdict they did not waive their right to file a motion for a new trial, in the event the motion for a directed verdict was denied. *Cockrum* v. *Keller,* 258 Ill. 276; *Quick* v. *Indianapolis and St. Louis Railway Co.* 130 id. 334; *Chicago and Northwestern Railway Co.* v. *Dimick,* 96 id. 42.

When the trial court sustained appellants' motion for a directed verdict and entered judgment in their favor *non obstante veredicto* in accordance with the above provisions of the Civil Practice act, they had no occasion to make a motion for a new trial for the reason that judgment had been entered in their favor. The reversal of that judgment by the Appellate Court did not deprive appellants of the right to the judgment of the trial court upon all questions which could be properly raised by a motion for a new trial. *Cockrum* v. *Keller, supra.*

In the late case of *Montgomery Ward & Co.* v. *Duncan* (No. 30, October Term, 1940, 61 Sup. Ct. 189) the Supreme Court of the United States, in announcing the above rule, stated that it was the uniform practice in the State

courts. In support of that statement the court cites cases from eleven States, including *Chicago and Northwestern Railway Co.* v. *Dimick, supra.*

The Appellate Court having reversed the judgment of the trial court, and being without power to enter judgment on the verdict, should have remanded the cause to the trial court with directions to overrule the motion for a directed verdict and to entertain a motion for a new trial, if one should be made, and, if such motion should be overruled, to enter judgment on the verdict.

For the errors indicated, the judgment of the Appellate Court is reversed and the cause remanded to that court with directions to remand the cause to the city court of Granite City with directions for further proceedings in that court in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*