## T. E. Egner, Appellee, v. Fruit Belt Service Company, Appellant.

Opinion filed March 2, 1943.

DONALD A. MILLER, of Cairo, for appellant.

J. KELLY SMITH, of Mounds, and D. B. REID, of Cairo, for appellee.

MR. JUSTICE BRISTOW delivered the opinion of the court.

This is an action for damage to the plaintiff's real estate, consisting of a store building and residence situated in the village of Ullin, Pulaski county, Illi-

nois, caused by the construction by the defendant of four large oil storage tanks diagonally across the street from and within a short distance of the plaintiff's premises; an answer was filed by the defendant denying all the material allegations of the complaint. The case was tried before a jury, and it returned a verdict finding the defendant not guilty. Motions for a directed verdict were made by the defendant, both at the close of the plaintiff's evidence and at the close of all the evidence. Thereupon, the trial judge entered a judgment *non obstante veredicto* for the plaintiff and against the defendant in the sum of $1,250. It may be explained that it was by agreement of the parties to this proceeding that the judge was permitted to assess whatever damages he thought the evidence introduced at the trial on this subject would sustain. The defendant appealed from the judgment.

It appears from the record that the only question presented to this court for decision is whether or not the trial court erred in setting aside the jury's verdict and entering a judgment *non obstante veredicto*. It hardly requires the citation of authorities to support the well-established rule in this State that the trial judge is not authorized to weigh the evidence and can grant a motion for judgment *non obstante veredicto* only where there is no evidence, construed most favorably for the defendant, which reasonably tends to support his defense. Supporting the principle, the following authorities may be cited: In *McNeill v. Harrison & Sons, Inc.*, 286 Ill. App. 120, the court said at pages 128, 129: "If it were permissible for a trial judge on a motion non obstante veredicto to weigh the evidence and enter a judgment according to his opinion as to wherein lies the greater weight of the evidence, then the right to a trial by a jury would be done away with and the judgment of the court substituted therefor. It is only where there is no evidence as a matter of law to sustain either a plaintiff's or

a defendant's claim that a judgment may be rendered notwithstanding the verdict.'' In *Emge v. Illinois Cent. R. Co.*, 297 Ill. App. 344, this court said at page 347: ''In ruling upon a motion for a judgment non obstante veredicto the trial court, and this court on appeal, have no authority to weigh and determine controverted questions of fact. In the consideration of such a motion the court is governed by the same rules applicable to a motion for a directed verdict.'' In *Larimore v. Larimore*, 299 Ill. App. 547, this court said at pages 548, 549: ''A motion for judgment notwithstanding the verdict is, in effect, the same as one to direct a verdict (*Synwolt v. Klank,* 296 Ill. App. 79), and as such is tested by the same rule, which is that the motion raises a question of law and all the trial court is empowered to do is determine whether there is, or is not, evidence which construed in its light most favorable to the party against whom the motion is directed, reasonably tends to prove the contention of such party. If there be such proof the court is bound to overrule the motion, even though of the opinion that the greater weight of the evidence may appear to be on the other side; *Mirich v. Forschner Contracting Co.,* 312 Ill. 343; *Capello v. Chicago & N. W. Ry. Co.,* 280 Ill. App. 471.'' The most recent case is that of *Hunt v. Vermilion County Children's Home,* 381 Ill. 29.

A careful study of the record in this case discloses that there was an abundance of evidence from which the jury could properly find for the defendant. The proof in this case is about as follows: The plaintiff testified that his property consisted of a store and dwelling and across the street was a supply house where grease and oils were kept. Adjoining this supply house the defendant erected in April 1936 four tanks, about 10 feet in diameter and between 25 and 30 feet high. The first tank was about 45 feet from the house and the others further along, lined up in a row. The Illinois Central Railroad was on the

other side of the supply house and tanks. These tanks were filled from railroad cars and the products distributed by truck which came and went at all hours of the night. From these tanks came fumes and unpleasant odors. The plaintiff further testified that his view was obstructed by the tanks, and that before they were erected his property was worth $2,500 and at the time of the suit, only $300.

The plaintiff produced a few other witnesses that testified that they noticed fumes at varying intervals. The tenant occupying the property in question said that he noticed the fumes occasionally, but that they did not bother him. These witnesses placed a value on the property at from $2,300 to $2,500 before the erection of the tanks and $400 at the time of the suit.

One witness called on behalf of the defendant testified that the first tank was 60 feet from the grease house and that the tanks were each 10 feet and 6 inches in diameter and 18 feet high with the capacity of 11,500 gallons each. He further testified that fumes could escape when the truck tanks were being filled. Several witnesses testifying for the defendant said that they did notice fumes at infrequent intervals, but that they were neither obnoxious nor unpleasant. One witness for the defendant valued the property at $500 before the tanks were built and the same when suit was filed. Other witnesses gave values of $1,800 and $1,500 before the tanks were built and $1,600 and $1,300 respectively when the suit was filed. They testified further, in substance that the above diminution in value was not in any way attributable to the construction of the tanks, but the natural depreciation of values of real estate in small villages, such as the one in question.

It appears therefore, very clearly from the recital of the above facts, that there was some evidence upon which the jury could reasonably decide that the plaintiff had not been damaged, and was fully justified in returning its verdict of not guilty. Certainly the trial

court cannot say as a matter of law there was no evidence to sustain the verdict of the jury. It therefore erred in entering the judgment notwithstanding the verdict.

The remaining question confronting this court is the proper remanding order that should now be entered: Section 68 of the Civil Practice Act provides that either party may move for a judgment notwithstanding the verdict (Ill. Rev. Stat., ch. 110, par. 192 [Jones Ill. Stats. Ann. 104.068]). Rule 22 of the Supreme Court provides that the power of the court to enter judgment notwithstanding the verdict may be exercised in all cases where under the evidence in the case it would have been the duty of the court to direct a verdict without submitting the case to the jury. This rule was amended by the Supreme Court on November 25, 1941 (378 Ill. 11) to provide that court shall pass upon and decide the motion for new trial made by the party moving for judgment *non obstante veredicto,* but its ruling shall not become effective until the order granting the motion for judgment *non obstante veredicto* be reversed. The amendment states ''Any party who fails to file a motion for new trial as herein provided, shall be deemed to have waived the right to apply for a new trial.''

In this case no motion for new trial was filed. The record shows the motion for judgment *non obstante veredicto* was presented to the court, and sustained on May 27, 1941, although the judgment was not entered until April 30, 1942. At the time the motion was made and passed on by the court, rule 22 had not been amended which required the motion for new trial to be filed with the motion for judgment *non obstante veredicto.* The later motion having been granted, there was no occasion for a motion for a new trial. Applicable to the above situation, the Supreme Court said in the case of *Herb v. Pitcairn,* 377 Ill. 405 at page 407: ''Had the trial court overruled the motion for a directed verdict, appellants had the right, under

section 68 (1) of the Civil Practice Act, (Ill. Rev. Stat. 1939, chap. 110, par. 192 (1) [Jones Ill. Stats. Ann. 104.068]) to file a motion for a new trial and have the court pass on all questions which could properly be raised by such motion. By filing their motion for a directed verdict they did not waive their right to file a motion for a new trial, in the event the motion for a directed verdict was denied. *Cockrum v. Keller*, 258 Ill. 276; *Quick v. Indianapolis and St. Louis Railway Co.* 130 id. 344; *Chicago and North-western Railway Co. v. Dimick*, 96 id. 42. When the trial court sustained appellants' motion for a directed verdict and entered judgment in their favor non obstante veredicto in accordance with the above provisions of the Civil Practice act, they had no occasion to make a motion for a new trial for the reason that judgment had been entered in their favor. The reversal of that judgment by the Appellate Court did not deprive appellants of the right to the judgment of the trial court upon all questions which could be properly raised by a motion for a new trial. *Cockrum v. Keller*, supra.'' It said at page 408: ''The Appellate Court having reversed the judgment of the trial court, and being without power to enter judgment on the verdict, should have remanded the cause to the trial court with directions to overrule the motion for a directed verdict and to entertain a motion for a new trial, if one should be made, and, if such motion should be overruled, to enter judgment on the verdict.''

In view of the state of this record and of the above authority, the order of this court is that the judgment *non obstante veredicto* entered below be reversed, and the cause is remanded to the circuit court of Pulaski county with directions to entertain a motion for a new trial. But, if such motion is not made, a judgment should be entered on the verdict for the defendant and against the plaintiff in bar of action and costs.

*Reversed and remanded with directions.*