Hart, J.
The question presented to this court is whether the Court of Appeals, after purportedly affirming an order of the Common Pleas Court overruling defendant’s motion for judgment notwithstanding the verdict and entering judgment thereon for plaintiff, erred in dismissing on a second appeal all but one of defendant’s claims of error in its assignment of errors, brought upon the record through the overruling of defendant’s motion for new trial seasonably filed and directed to the judgment on the verdict, where such dismissal was made on the ground that the validity of such claims of error had necessarily been determined adversely to the defendant on the first appeal, and that such determination had thereafter become, as to such claims, res judicata.
The determination of this question requires a careful examination and a critical appraisal of the effect of the procedure followed by the parties in both the trial court and Court of Appeals.
On November 4, 1949, the jury returned a verdict for the plaintiff. On November 7, 1949, the defendant filed its motion for judgment non obstante veredicto. On November 14, 4949, the trial court made an order as follows:
“On oral application of the defendant it is by the court further ordered that the matter of rendition of judgment on the verdict and interrogatories returned by the jury is hereby reserved and the matter of entering judgment thereon is continued until the court *420 has made disposition of the motion of the defendant for judgment non obstante veredicto.”
On the same day following the filing of the above entry, the defendant prematurely filed a motion for new trial, no judgment having yet been entered on the verdict.
On May 1, 1950, the trial court approved an entry as follows:
“This day this cause came on to be heard on the motion of the defendant for a judgment in its favor notwithstanding the verdict heretofore rendered herein * * *.
“The court, after [being] duly advised in the premises finds that said motion is not well taken and should be overruled.
“It is therefore ordered and adjudged by the court that said motion of the defendant for a judgment in its favor notwithstanding the verdict of the jury be, and the same is hereby overruled.
“It being further made to appear to the court that the jury had at a day in a former term of this court rendered a verdict in favor of the plaintiff and against the defendant, the court now finds that said plaintiff is entitled to judgment upon said verdict.
“It is therefore ordered and adjudged by the court that the plaintiff have and recover from the defendant, the Martin Brothers Box Company, the sum of $94,000, together with the costs of this action * * *.
“Thereupon the defendant, by oral motion of its counsel, requested leave to withdraw its motion for a new trial heretofore filed herein, and for leave to file a motion for new trial within the time permitted by law after the rendition of judgment. * * *”
This motion was allowed.
On May 1, 1950, a motion for the vacation of the final order and judgment entered on the verdict of the *421 jury and for a new trial was filed in form as follows:
“Now comes the defendant, Martin Brothers Box Company, and moves the court to vacate, set aside and hold for naught the final order and judgment entered herein and also the verdict of the jury, in conformity to which said judgment was rendered, and grant to this defendant a new trial, for the following reasons, each of which affect materially this defendant’s substantial rights * *
Then follow 18 specified grounds for the vacation of the final order and judgment entered on the verdict and for a new trial, growing out of alleged errors of the trial court in the course of the trial, the fifteenth of which is as follows:
“15. Error of the court in overruling defendant’s motion for judgment notwithstanding the verdict and in entering judgment for plaintiff and against defendant on the verdict of the jury.”
This motion for new trial was not ruled upon until March 23, 1951, as hereinafter noted.
On the same day, May 1, 1950, a notice of appeal was filed in the clerk’s office by the defendant simultaneously with its motion for a new trial. The notice of appeal was in form as follows:
“The Martin Brothers Box Company, defendant in the above entitled cause, gives notice of its appeal on question of law to the Court of Appeals of Darke county, Ohio, from the order and judgment of the Court of Common Pleas of Darke County, Ohio, entered on the 1st day of May, 1950, overruling the motion of said defendant for judgment in its favor notwithstanding the verdict of the jury in the said cause in favor of the plaintiff, and in entering judgment on the verdict of the jury in favor of the plaintiff and against this defendant.” (Italics supplied.)
On May 1, 1950, the court granted a temporary stay *422 of execution and on August 15, 1950, made an order as follows:
< C * * *
“Upon consideration * * * the court finds that by virtue of Section 11601-1, G. C., said execution and/or certificate of judgment is automatically stayed until the motion for a new trial heretofore filed in this cause shall have been disposed of.
“It is, therefore, ordered that * * * the automatic stay of execution provided for by statute is hereby decreed to be in effect, and issuance of an execution and/or certificate of judgment is hereby stayed * * V ’
In the meantime on May 31, 1950, the defendant filed its bill of exceptions which was allowed on June 10, 1950.
The Court of Appeals on November 16, 1950, entered a judgment of affirmance in form as follows:
“The parties appeared by their respective attorneys, and this cause came on to be heard upon the appeal of the defendant, The Martin Brothers Box Company, from the order and judgment of the Court of Common Pleas of Darke County, Ohio, overruling the motion of said defendant for judgment in its favor notwithstanding the verdict of the jury in said cause in favor of Dale E. Jolley, plaintiff, and in entering judgment on the verdict of the jury in favor of said plaintiff and against said defendant. * * *
“Upon consideration whereof the court finds no error in the action of the trial court in overruling said motion for judgment notwithstanding the verdict entered in said cause and in entering judgment on said verdict in favor of plaintiff and against the defendant.
“It is therefore considered, ordered and adjudged by the court that the judgment of said Court of Common Pleas of Darke County, Ohio, in overruling the motion of the defendant, The Martin Brothers Box Company for judgment in its favor notwithstanding *423 the verdict of the jury rendered in said cause in favor of plaintiff, and that the action of the trial court in entering judgment on said verdict in favor of plaintiff and against said defendant be and the same are hereby affirmed, there being however in the opinion of the court reasonable grounds for this appeal.
“It is further ordered that this cause be remanded to the Court of Common Pleas of Darke County, Ohio, for further proceedings according to law. * * *” (Italics supplied.)
It is to be noted that the Court of Appeals at that time and in that entry passed upon and decided the only assigned error then before it, viz., the overruling of defendant’s motion for judgment notwithstanding the verdict and entering judgment on the verdict, and affirmed the order of the trial court in overruling such motion. Defendant’s motion for new trial predicated upon the judgment entered upon the verdict in favor of the plaintiff had not then been ruled upon by the trial court.
On December 4, 1950, the defendant filed a motion in this court to certify the record, which was overruled on January 31, 1951.
Although its determination does not affect the end result in the instant ease, a serious question arises as to whether an order overruling a motion for judgment notwithstanding a verdict is, in itself, a final appealable order, where there is no motion for new trial directed to such order and an overruling of such motion. This problem arises because of changes which in recent years have been made in the Appellate Procedure Act of this state.
By Section 6, Article IV of the Ohio Constitution, effective January 1, 1945, only judgments and final orders may be appealed from to the Court of Appeals. Section 12223-2, General Code, effective September 30, 1947, defines a final appealable order as one which *424 affects a substantial right in an action when in effect it determines the action and prevents a judgment. Clearly, the sustaining of a motion for judgment non obstante is a final order because it determines the action with a judgment. But the overruling of such a motion does not determine the action or prevent a judgment upon a verdict, which judgment will become final unless a motion for new trial directed to it is filed. If, however, a motion for new trial is filed directed to an order overruling a motion for judgment non obstante, which new trial under Section 11575, General Code, requires a trial court to re-examine the issues of law as well as fact, an adverse ruling on such motion for a new trial makes the order overruling a motion for judgment non obstante a final appealable order. It would, therefore, be better practice, if not in fact necessary, that a motion for new trial be lodged to an order overruling a motion for judgment non obstante and be overruled before such order becomes an appealable one. The question becomes unimportant, however, in the instant case because if no motion for new trial is necessai'y the order overruling the motion for judgment non obstante became final on the first appeal and if such motion is necessary the order became final by lapse of time.
On March 23, 1951, the trial court made and filed an entry overruling defendant’s motion for new trial directed to a judgment entered on the verdict,' which motion had been filed on May 1, 1950. The overruling entry was in form as follows:
“This day this cause came on for hearing on the motion for new trial filed by the defendant herein, this court having delayed disposition of the same pending the defendant’s appeal from a decision by this court overruling defendant’s motion for judgment notwithstanding the verdict * * *.
“And the court, after due consideration thereof, and *425 after being fully advised in the premises, finds the defendant’s motion for new trial, and each and every cause or ground thereof, is not well taken and overrules the same. * *
On April 11, 1951, notice of the second appeal was filed, which is in form as follows:
“The defendant, Martin Brothers Box Company, hereby gives notice of appeal on questions of law to the Court of Appeals of Darke County, Ohio from the orders and judgment of the Court of Common Pleas of Darke County, Ohio, made and entered into in the above entitled cause in overruling the motion of the defendant for a new trial as shown by entry filed in said cause on the 23rd day of March, 1951- and in entering judgment on the verdict of the jury in favor of the plaintiff and against the defendant as shown by entry filed in said cause on the 1st day of May, 1950. To all of which orders and judgment defendant excepted.” (Italics supplied.)
On April 19, 1951, the defendant filed its bill of exceptions and an assignment of errors as follows:
“A. Error of the court in permitting plaintiff during the trial to amend his second amended petition to allege that the first truck was 99 inches in width.
“B. Error of the court in admitting evidence offered by plaintiff over objection of defendant.
“C. Misconduct of counsel for plaintiff during the trial, prejudicial to the defendant and objected to by defendant, which acts of misconduct prevented defendant from having a fair and impartial trial of this cause.
“D. Error of the court in rejecting evidence offered by the defendant.
“E. Error of the court in overruling defendant’s several motions to withdraw a juror and declare a mistrial.
“F. Error of the court in overruling defendant’s *426 several motions to strike from the plaintiff’s second amended petition and/or take from the jury’s consideration each of the claimed acts of negligence on the part of the defendant.
“U. Error of the trial court in charging the jury before argument as requested by counsel for plaintiff over objection by defendant.
“H. Error committed by the court in its general charge to the jury to which defendant objected.
“I. Error of the court in refusing to charge the jury in its general charge as requested by defendant and after giving its general charge to the jury in refusing to charge the jury as requested by defendant.
‘ ‘ J. Misconduct of jury in rendering illegal quotient verdict.
“K. Excessive damages awarded plaintiff by the jury given under the influence of passion and prejudice.
“L. That the judgment and verdict are not sustained by sufficient evidence; that the same are contrary to and against the weight of the evidence.
“M. Error of the court in overruling defendant’s motion for a new trial and in rejecting evidence offered by defendant in support of a new trial.”
Subsequently, plaintiff filed a motion in the Court of Appeals to dismiss the second appeal for the following reasons:
“1. The judgment herein sought to be reviewed has been reviewed by this court and affirmed and the questions raised by this appeal are now res judicata.
“2. By appealing this cause before the motion for a new trial was passed upon said defendant-appellant waived its motion for new trial and the right to have the matters therein adjudicated.
“3. The overruling of the motion for new trial is not a final order from which an appeal will lie.
“4. All the questions raised herein have been ad *427 judicated or could have been adjudicated in the former appeal.
“5. For other reasons shown by the record of this cause. ’ ’
The Court of Appeals on July 28, 1951, granted the motion in part and dismissed defendant’s assignment of errors except as to item J — misconduct of the jury in rendering a quotient verdict — which item the Court of Appeals found not well taken. The court affirmed the judgment, and the judgment of affirmance was journalized on November 28, 1951.
The Court of Appeals gave as its reason for sustaining the motion to dismiss in part that its ruling on the prior appeal from the overruling 'of the motion for judgment notwithstanding the verdict constituted an affirmance of the judgment of the trial court entered on the verdict, and that such affirmance operated as res judicata not only as to all matters which were raised by the first appeal but also with respect to all matters which could have been presented on such appeal including the assignment of errors which the court dismissed. The Court of Appeals, in the course of its opinion, said:
“* * * Prior to recent amendments of the Code it was held that an order overruling a motion for new trial was not a final order from which an appeal may be taken. Under the amended sections of the Code motion for new trial is directed to the judgment as well as the verdict. State, ex rel. Simons, v. Kiser, 88 Ohio App., 181, 96 N. E. (2d), 306; Liebrand v. Butler, 88 Ohio App., 185, 97 N. E. (2d), 80. See Sections 11575, 11576 and 11578, General Code, as amended effective October 11, 1945. In McAtee v. Western & Southern Life Insurance Co., 82 Ohio App., 131, 81 N. E. (2d), 225, the court held that in an action commenced after October 11,1945, an order overruling *428 a motion, for new trial is a final order. This same ruling has been followed in Williams v. Martin, 82 Ohio App., 395, 81 N. E. (2d), 806; Caswell v. Lermann, 85 Ohio App., 200, 88 N. E. (2d), 405; Miller v. Miller, 56 Ohio Law Abs., 280, 91 N. E. (2d), 804. * * * This action being commenced in 1947, the order of the court overruling the motion to set aside the judgment and granting a new trial was a final order. It must be observed, too, that the second appeal, which is presently before us, is also from the judgment entered on May 1, 1950.
“The order overruling the motion for judgment notwithstanding the verdict and, likewise, the order overruling the motion' for new trial were final orders from which separate appeals could be prosecuted. The appellant had a right to pursue its remedy on both motions, neither being considered a waiver of the other. See Massachusetts Mutual Life Ins. Co. v. Hauk, 72 Ohio App., 131, 137, 51 N. E. (2d), 30. The appellant did not waive its right to pursue the second appeal unless the fact that the affirmance by this court of the order entering judgment on the verdict in the first appeal deprives the appellant of the right to prosecute this appeal. The appellant, at the time the first appeal was taken, could have appealed only from the order overruling the motion for judgment notwithstanding the verdict. After judgment on the verdict, a motion for new trial was in order and, if overruled, another appeal could have been taken. Does the fact that the first appeal included the order entering judgment on the verdict deprive the appellant from prosecuting this appeal? In an appeal from an order overruling a motion for judgment notwithstanding the verdict, the question presented is whether the appellant was entitled to judgment as a matter of law. In such appeal the reviewing court cannot weigh the evidence ; neither can it pass upon such matters as mis *429 conduct of counsel or misconduct of the jury and similar matters which may properly be raised on motion for new trial. In the instant case the grounds for the motion for new trial are matters which the reviewing court can not determine in passing upon the question as to whether the trial court erred in overruling the motion for judgment notwithstanding the verdict.
* * In the first appeal, embracing as it did the order of the trial court in entering judgment on the verdict, the appellant could have raised any questions which would show error on the part of the trial court in entering judgment. In the instant case several of the errors assigned as the basis for the motion for new trial relate to actions of the court prior to or during the trial and before judgment was entered on the verdict. However, the error assigned, concerning misconduct of the jury involving a quotient verdict, on which evidence was presented at the hearing on motion for new trial, which evidence is part of the bill of exceptions, could not have been raised in the first appeal. Such matters could be presented only in the trial court on motion for new trial and in this court on an appeal from the ruling on the motion. * * *
“In the instant case any alleged errors of the trial court which could have been raised in determining whether the trial court properly entered judgment on the verdict and which could have been presented in the first appeal can not be presented in this appeal. The first appeal constitutes res judicata as to such matters. A motion for new trial was not necessary to raise certain questions presented by appellant. * * *
“Any matter which could not have been raised in the first appeal can be raised in this appeal. Consequently, the judgment of the appellate court in the first appeal constitutes res judicata with regard to *430 all matters which were raised or could have been raised in the first appeal in determining whether the trial court properly entered judgment on the verdict. There cannot be a second appeal from an order entering judgment on the verdict. The judgment in this court in the first appeal does not constitute resjudicata with respect to those matters which could only be raised on a motion for new trial. Those issues were not and could not have been presented in the first appeal.”
Thereafter the defendant filed in this court its second motion to certify the record, which was allowed on February 20, 1952, and the cause is now before this court for review.
This court is in agreement with the Court of Appeals in holding that an order of a trial court overruling a motion for judgment notwithstanding the verdict, if perfected as a final order, and a subsequent order by the same court in the same action overruling a motion for a new trial are subject to separate appeals which may be prosecuted in the sequence of such orders, and that appellant has a right to pursue successively, if necessary, but not concurrently, both remedies. In such a case, a party does not seek a new trial until the court determines that he is not entitled to a judgment in his favor notwithstanding the verdict. The appeal from the order overruling a motion for judgment notwithstanding the verdict must first be determined before he is required to pursue the other remedy predicated on his motion for new trial. These procedures are independent of each other, because there are two independent judgments involved, and our Code of Civil Procedure provides the mechanics for such independent determinations.
The practice generally followed in the Courts of Appeals of this state is indicated in the opinion of the court in Massachusetts Mutual Life Ins. Co. v. Hauk, *431 supra, cited in 2 Ohio Jurisprudence, 219, note 14, wherein the court held that a plaintiff could not be deprived of his right to a decision upon both of such motions. The court said:
“* * * This court is of opinion that plaintiff cannot be deprived of its right to a decision upon both of these motions, but recognizing, of course, that if the motion for judgment notwithstanding the verdict is sustained there would be no occasion in the first instance to pass upon the motion for new trial. If plaintiff’s motion for judgment notwithstanding the verdict is sustained, we think the established practice has been to withhold passing upon the motion for new trial until such time as the decision on the motion for judgment notwithstanding the verdict has either been approved or reversed by the reviewing court, and if reversed the cause should be remanded to the trial court to pass upon the motion for new trial.” See Wilms v. Klein, 49 N. E. (2d), 76.
This procedure seems generally to be in accord with judicial authority on the subject. A party is not precluded from moving for nor does he waive a new trial because he makes a successful or unsuccessful attempt by motion to have a judgment rendered notwithstanding the verdict. 66 Corpus Juris Secundum, 85, Section 9; Cockrum v. Keller, 258 Ill., 276, 101 N. E., 594, Ann. Cas. 1914B, 609; Pomerantz v. Pennsylvania-Dixie Cement Corp., 212 Iowa, 1007, 237 N. W., 443; Tomberlin v. Chicago, St. Paul M. & O. Ry. Co., 211 Wis., 144, 246 N. W., 571. And this is especially true where action on the motion for new trial is specifically reserved by the trial court, as was done in the instant case. 66 Corpus Juris Secundum, 85, Section 9.
As the Court of Appeals suggested in its opinion in the instant ease, the crucial question is, does the fact that the defendant in its first appeal included in its notice of appeal and grounds of error claimed error as *432 to the order of the trial court entering judgment on the verdict preclude the defendant from prosecuting its second appeal on the ground that the questions involved, with one exception, were before the Court of Appeals and determined by it in the first appeal.
It is important again to note that the motion for new trial directed to the judgment on the verdict was seasonably filed under the provisions of Section 12223-7, General Code, on the day the court overruled defendant’s motion for judgment notwithstanding the verdict. The effect of filing the motion for new trial was to hold in abeyance the judgment of the trial court on the verdict and to prevent the issuing of an execution and certificate of judgment until the motion for new trial was overruled. There was no final order from which an appeal could be taken as to the judgment on the verdict until the motion for new trial was overruled.
The trial court, recognizing the effect of this procedure, stayed the execution on the judgment until the motion for new trial was overruled, which was after the final determination of the first appeal. The judgment which the trial court entered on the verdict was not in itself a final judgment and did not become final until the motion for new trial seasonably filed was overruled.
Under the new practice, where a judgment is entered upon the verdict of a jury under Section 11599, General Code, and within ten days thereafter a motion for new trial is made under Section 11578, General Code, the judgment remains under the control of the trial court and does not become a final judgment until the court passes upon the motion for new trial. If the trial court grants the motion for new trial, the judgment on the verdict is set aside and is no longer in' existence. But if the motion is overruled, as in the instant case, the judgment for the first time becomes a *433 final judgment, subject to review. Green v. Acacia Mutual Life Ins. Co., 156 Ohio St., 1, 100 N. E. (2d), 211. Where a motion for new trial is filed within the ten-day period after a judgment on the verdict is rendered, the time within which an appeal may be perfected does not commence to run until the overruling of such motion. Von Gunten v. New Justice Coal Co., 147 Ohio St., 511, 72 N. E. (2d), 253. See, also, Boedker v. Warren E. Richards Co., 124 Ohio St., 12, 176 N. E., 660, paragraph three of the syllabus.
This result is also indicated by the provisions of Section 11601-1, General Code, effective September 29, 1949, which, in part, is as follows:
“In its discretion and on such conditions, for the security of the adverse party as are proper, the court may stay the execution of, or any procedure to enforce a judgment during the time within which a motion for a new trial may be filed and pending the disposition thereof; provided, however, without application to the court therefor, such stay shall automatically be in effect following the entry of judgment on the verdict of a jury and pending the disposition of an application for new trial made under Section 11578 of the General Code.”
It is urged that the defendant was entitled to but one appeal and that all questions of error could have been determined therein. It is apparent that the defendant could not predicate errors on the judgment on the verdict until the motion for new trial seasonably filed was overruled, which was on March 23,1951. The motion of the defendant for judgment notwithstanding the verdict was overruled on May 1, 1950, and an appeal was attempted without first having a motion for new trial filed and overruled.
As a consequence of the pendency of the motion for new trial directed to the judgment on the verdict in this case until after the first appeal was finally deter *434 mined, the Court of Appeals had no jurisdiction to consider on the first appeal questions arising and predicated on the judgment on the verdict. The attempt of the defendant to include errors growing out of the entry of the judgment on the verdict before the motion for new trial was overruled did not give the Court of Appeals any jurisdiction in the matter and, therefore, the defendant was not estopped or precluded from raising these questions on the second appeal as to the judgment, which in the meantime had become final.
The fact that a person attempts to invoke unauthorized jurisdiction of a court does not preclude him from thereafter challenging its jurisdiction of the subject matter and any judgment rendered with reference thereto when such judgment is asserted as res judicata, since such jurisdiction must arise by law and not by mere consent of the parties. Especially is this true where the party seeking to invoke unauthorized jurisdiction of the court does not thereby secure any advantage or the adverse party does not suffer any harm. See Grubb v. Public Utilities Commission, 281 U. S., 470, 74 L. Ed., 972, 50 S. Ct., 374; 19 American Jurisprudence, 716, Section 77.
The judgment of the Court of Appeals is reversed and the cause is remanded to that court with instructions to pass upon all the alleged errors assigned by defendant except item 15 heretofore considered on the first appeal and render judgment accordingly.

Judgment reversed and cause remanded.

Stewart, Middleton and Matthias, JJ., concur.