(No. 25762.—

WALLACE J. GOODRICH, Admr., Defendant in Error, *vs.* A.. A. SPRAGUE, Receiver, Plaintiff in Error.

*Opinion filed February 14, 1941—Rehearing denied April 2, 1941.*

FARTHING, J., dissenting.

GARDNER, FOOTE, MORROW & MERRICK, (WALTER M. FOWLER, of counsel,) for plaintiff in error.

TOPLIFF, HORWEEN & MERRICK, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Judgment against the plaintiff in error, as receiver, for $5000, in favor of the defendant in error, as administrator, was entered in the Appellate Court for the First District on appeal by defendant in error from the judgment of the

circuit court entered on motion of plaintiff in error for judgment *non obstante veredicto.* Plaintiff in error has sued out a writ of error on the ground that the act which purports to give the Appellate Court power to enter the judgment here complained of is unconstitutional, and that, as the question arose for the first time in the Appellate Court, this court has jurisdiction of the writ of error.

The case arose on a complaint by defendant in error, as administrator, for damages arising from the death of Frances Goodrich, a girl of eleven years, who was killed by one of the plaintiff in error receiver's electric trains while riding her bicycle on Woodlawn avenue in the village of Glencoe. The usual allegations of negligence were included in the complaint, both as to the operation of the train and the condition of the right-of-way of the railroad. The complaint specifically alleged that the statutes of Illinois, requiring every railroad to remove from its right-of-way at all grade crossings, all brush, shrubbery and trees for a distance of not less than 500 feet from the grade crossing, had been violated. An answer was filed denying the allegations of fact upon which liability was claimed, denying the applicability of the statute to electric railroads, and charging contributory negligence on the part of the deceased. Trial was had and a verdict was returned in favor of defendant in error, as we have indicated.

Plaintiff in error's counsel filed a motion for judgment notwithstanding the verdict and an alternative motion for a new trial. The former motion was allowed and judgment for the defendant was entered. The alternative motion was not considered. The Appellate Court, on appeal, reversed the judgment of the trial court, passed upon and denied the alternative motion for a new trial, and entered judgment for the plaintiff in the case.

Plaintiff in error urges, here, that the Appellate Court was without jurisdiction under the constitution to reverse the judgment of the trial court in this case, without re-

manding the cause for disposition of the motion for a new trial; that it was without jurisdiction to consider the motion for a new trial or enter a judgment on it, and that paragraph 3c of section 68 of the Civil Practice act, (Ill. Rev. Stat. 1939, chap. 110, par. 192,) under which the Appellate Court acted, is invalid, as attempting to confer on the Appellate Court jurisdiction denied it by the constitution.

It is argued here by defendant in error that there is no substantial or fairly debatable constitutional question in the case; that plaintiff in error having taken advantage of the provision of the statute permitting motions for judgment notwithstanding the verdict, is not in a position to attack it when it operates adversely to it; that the Appellate Court, as a court of review, has authority under the common law to pass upon motions for a new trial and that such action was in exercise of its appellate jurisdiction.

The question as to the validity of the provision of section 68 of the Civil Practice act referred to, was raised for the first time in the Appellate Court. The rule is that where the constitutionality of an act, affecting the jurisdiction of the Appellate Court, is first questioned in that court, it has authority to pass upon the validity of the act. (*Corcoran* v. *City of Chicago,* 373 Ill. 567; *Bagdonas* v. *Liberty Land and Investment Co.* 309 id. 103.) The jurisdiction of this court to review judgments of the Appellate Court affecting the validity of a statute, where the question is first raised in that court, is provided by the constitution, and not by the Practice act. *Bagdonas* v. *Liberty Land and Investment Co. supra.*

Section 11 of article 6 of the constitution provides for the creation of inferior Appellate Courts of uniform jurisdiction, upon which jurisdiction may be conferred, and from which appeals and writs of error shall lie to this court in all criminal cases, and in cases in which a franchise or freehold or the validity of a statute is involved, and in

such other cases as may be provided by law. Sub-paragraph 2 of section 75 of the Civil Practice act, (Ill. Rev. Stat. 1939, chap. 110, par. 199, p. 2433,) provides for review by this court of judgments of the Appellate Court in certain cases but excepts those cases wherein appeals are specifically required by the constitution to be allowed from the Appellate Court to this court. This provision is substantially the same as section 121 of the Practice act of 1907, the difference being that the earlier act referred to appeals and writs of error, while the present act omits the term "writs of error." Under the 1907 act it was held that the method of review by appeal had been provided in cases where the validity of a statute was first raised in the Appellate Court but that the constitutional question could be reviewed by this court on a common law writ of error. (*Sixby* v. *Chicago City Railway Co.* 260 Ill. 478.) The omission of the words "and writs of error" in the Civil Practice· act, does not change the rule prevailing prior to its adoption. The right of review of constitutional questions first arising in the Appellate Court is still available by writ of error. *Corcoran* v. *City of Chicago, supra; Burket* v. *Reliance Bank and Trust Co.* 366 Ill. 98; *Spencer* v. *Chicago City Railway Co.* 366 id. 120.

In the case before us the question of the validity of paragraph 3c of section 68 first arose when the Appellate Court reversed the judgment of the circuit court, passed upon the motion for a new trial and entered judgment for defendant in error upon the verdict of the jury. The question, therefore, is presented on the contention of plaintiff in error that the power and authority given to the Appellate Court by paragraph 3c of section 68 of the Civil Practice act to so act, violates rights guaranteed by the State and Federal constitutions. Paragraph 3c of section 68 of the Civil Practice act reads as follows: "If the party in whose favor the verdict of the jury was rendered shall assign error in the Appellate or Supreme Court upon the order

of the trial court entering judgment notwithstanding the verdict, and the Appellate or Supreme Court shall be of opinion that the trial court committed error in ordering or entering judgment notwithstanding the verdict, such court shall reverse such order and judgment and shall order or enter judgment in accordance with the verdict of the jury, unless it shall appear that there was error in the case that would have entitled the party in whose favor judgment notwithstanding the verdict was entered, to a new trial if such judgment had not been entered by the trial court, in which case a new trial shall be ordered." Ill. Rev. Stat. 1939, chap. 110, par. 192, p. 2428.

Plaintiff in error argues that this section of the Civil Practice act attempts to confer original jurisdiction upon the Appellate Court to pass upon a motion for a new trial and to enter judgment; that the Appellate Court does not have, and the General Assembly is powerless to confer upon it, original jurisdiction. Such is the long-settled rule in this State. In *People* v. *Hoyne*, 262 Ill. 82, a general demurrer to a petition for *mandamus* was sustained by the circuit court and relator abiding his petition, final judgment was entered against him denying the writ. On appeal, the Appellate Court reversed the judgment and remanded the cause. By stipulation of the parties the Appellate Court set aside its judgment, overruled the demurrer and entered final judgment awarding a peremptory writ of *mandamus* commanding the State's attorney to .file an information in accordance with the prayer of the petition. In reviewing that judgment this court held that the parties could not, by consent, confer jurisdiction upon the Appellate Court which it did not have; that as that court's jurisdiction is purely appellate, and the only jurisdiction that can be conferred by the General Assembly under section 11 of article 6 of our constitution is appellate jurisdiction, the Appellate Court had no power under the law to overrule the demurrer and award a *mandamus,* as this was the

exercise of original jurisdiction. To the same effect are *Hawes* v. *People*, 124 Ill. 560, and *People* v. *Circuit Court of Cook County*, 169 id. 201.

In this case, notwithstanding an alternative motion for a new trial was filed with the motion for judgment notwithstanding the verdict, to be passed upon by the trial court in case the motion for judgment was overruled, the trial court passed only upon the motion for judgment, sustaining the same. The alternative motion was undisposed of. The office of Appellate Court is to review rulings, orders, or judgments of the court below, contained in the record, and matters not ruled upon by the inferior court are not subject to the consideration of the Appellate Court unless the lower court's failure to rule is made the subject of an assignment of error, in which case the propriety of such failure is the question presented to the Appellate Court and not the merits of the matter upon which the trial court refuses to act. In other words, the Appellate Court's jurisdiction is appellate, and extends only to those matters in controversy which have been ruled upon by the trial court. There is nothing in the Civil Practice act which denies to a party the right to file an alternative motion.

In *Montgomery Ward & Co.* v. *Duncan* (311 U. S. Advance Sheets) 85 L. ed. 132, under rule 50 of the Federal Rules of Civil Procedure which permits the filing of motions for a judgment notwithstanding the verdict, or for a new trial, in the alternative, the court held that the trial court should rule upon both motions whatever its ruling on the motion for judgment notwithstanding the verdict, indicating the court's decision upon the motion for a new trial, and that the allowance of the motion for judgment does not amount to a denial of the alternative motion for a new trial, and upon reversal the defendant is entitled to have the cause remanded to have the motion for a new trial considered in respect of asserted substantial trial errors and matters appealing to the discretion of the trial judge.

Since the Civil Practice act does not prohibit the filing of alternative motions, the situation here is analogous to that arising in the *Montgomery Ward & Co. case,* and the court's decision there is of persuasive value. The Appellate Court, in determining that plaintiff in error was not entitled to a new trial and in entering judgment on the verdict, was exercising original jurisdiction. It was not reviewing the decision of the *nisi prius* court. This, under our constitution, as we have seen, it had no jurisdiction to do, and the judgment entered for the defendant was erroneous. It necessarily follows that paragraph 3c of section 68, in so far as it purports to grant power to the Appellate Court to pass upon a motion for a new trial not passed on by the trial court and to enter judgment on the verdict of the jury, is unconstitutional as an attempt by legislation to confer original jurisdiction upon a reviewing court, prohibited by the constitution of this State. Had the trial court passed on both motions this question would not have arisen. The Appellate Court should have remanded the cause·to the trial court to pass upon the motion for a new trial.

We come then to the question raised on assignments of error, whether the Appellate Court erred in setting aside the judgment entered for the defendant on its motion. The question presented here is one of law. Defendant in error argues that the scope of this review is limited to the constitutional question presented. The rule, however, is that where this court acquires jurisdiction of a cause on the ground of the existence of a constitutional question, it has jurisdiction to pass upon all questions proper to be passed upon and disposed of in the case. (*People* v. *Kelly,* 367 Ill. 616; *Burket* v. *Reliance Bank and Trust Co. supra.*) In so doing, this court will not weigh the evidence but will review it to determine whether there was any evidence, taken most favorably with all its reasonable intendments, to support the plaintiff's claim. It was incumbent upon the plaintiff in the case to prove one or more of the specific charges

of negligence charged in this complaint. (*Collins* v. *Kurth,* 322 Ill. 250; *Provenzano* v. *Illinois Central Railroad Co.* 357 id. 192.) It was likewise necessary that plaintiff prove a duty on the part of the defendant toward the deceased, a breach of that duty and an injury proximately resulting from such breach. *Miller* v. *Kresge Co.* 306 Ill. 104.

The accident occurred at a point where the south sidewalk on Woodlawn avenue, an east and west thoroughfare, in the village of Glencoe, crosses the easterly track of the "North Shore" electric line. It was on this track that the north-bound electric train was running when it struck deceased. The evidence is that there were four signals or flashers, two of which carried bells, and that they were in operation when the plaintiff's intestate approached the track. The evidence also is that the tracks of a steam railroad extended north and south about fifty feet west of the tracks of the "North Shore" electric line, each road having two tracks. These signals or flashers and bells operated to give warning when trains were on any of these tracks. There is evidence that these flashers and signals had been running for several minutes before deceased approached the electric line, owing to a steam train standing on the Northwestern railroad tracks at Hubbard Woods station, which is south of Woodlawn avenue. The evidence does not disclose how far south of Woodlawn avenue this station is, or whether the steam train could be seen by the deceased, or whether she thus had reason to believe that the flashers and bells were signaling because of the presence of that train. The evidence also is that the "cut in" for the flashers and bells of the "North Shore" electric line, was over 1000 feet south of the crossing, and that when the north-bound electric train passed over this "cut in" the bells and flashers would begin to operate and continue so to do until the train had passed beyond the crossing.

Photographs were introduced in evidence showing the condition of the right-of-way of the "North Shore" electric

lines. There is evidence in the record that trees and shrubs grew to within 10 or 15 feet of the east side of the east track, immediately south of Woodlawn avenue. Its right-of-way there extended 50 feet east of the east track. The statute required that it clear its right-of-way of trees and shrubs for a distance of 500 feet on either side of a crossing. This means all the width of its right-of-way. That was not done in this case. There is evidence that one approaching the crossing from the east on the south side of Woodlawn avenue, as did the deceased, would have to come within a comparatively few feet of the north-bound track before having a clear view for any considerable distance down the track. Viewed in the light of the rule that if evidence supporting plaintiff's claim appears in the record the cause should be submitted to a jury, we are of the opinion that such evidence exists in this record, and unless it can be said that deceased was guilty of contributory negligence, as a matter of law, which we do not think can be said on this record, the issues of negligence and contributory negligence are questions that were properly submitted to the jury. There is other evidence in the record which the jury had a right to consider, on the question whether the deceased was guilty of contributory negligence, but it is unnecessary to consider the evidence further.

The Appellate Court was justified on this record in reversing the judgment entered notwithstanding the verdict but it erred in entering judgment on the verdict. It should have remanded the cause to the trial court to pass on the alternative motion for a new trial.

The judgment of the Appellate Court is reversed and the cause is remanded to that court, with directions to remand the cause to the circuit court, with directions as specified above.

*Reversed and remanded, with directions.*

FARTHING, J., dissenting.