(No. 27227.—
WALLACE J. GOODRICH, Admr., Appellee, *vs.* A. A. SPRAGUE, Receiver for the Chicago, North Shore & Milwaukee Railroad Company, Appellant.

*Opinion filed Nov. 16, 1943—Rehearing denied Jan. 12, 1944.*

GARDNER, MORROW, FOWLER & MERRICK, (WALTER M. FOWLER, of counsel,) all of Chicago, for appellant.

TOPLIFF, HORWEEN & MERRICK, (SAMUEL TOPLIFF, and HUBERT C. MERRICK, of counsel,) all of Chicago, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Judgment for plaintiff in a personal injury suit was entered by the circuit court of Cook county. Defendant has appealed to this court direct because it says the judgment was taken and entered in violation of the constitutions of the State of Illinois and of the United States. Appellee replies that such constitutional questions, if any, are no longer debatable and the case should be transferred to the Appellate Court. In order to determine whether we have jurisdiction, and if so, to decide the issues, an understanding of the several proceedings thus far in the courts is necessary. The parties will be hereafter referred to as plaintiff and defendant.

The plaintiff brought suit against A. A. Sprague, Receiver for the Chicago, North Shore and Milwaukee Railroad Company, to recover for the wrongful death of Frances Goodrich on a railroad crossing in the village of Glencoe. The cause was submitted to a jury and a verdict returned in favor of the plaintiff. The defendant moved for a judgment notwithstanding the verdict, and in the alternative for a new trial. The circuit court entered judgment notwithstanding the verdict. There was no ruling upon the motion for a new trial at that time.

Plaintiff appealed to the Appellate Court, where the judgment of the circuit court was reversed and judgment entered in the Appellate Court against the defendant. On writ of error from this court to the Appellate Court the judgment of the Appellate Court reversing the judgment notwithstanding the verdict was upheld, but the cause was reversed and remanded to the trial court to pass upon the defendant's motion for a new trial. (*Goodrich* v. *Sprague,* 376 Ill 80.) Upon remandment to the

circuit court the motion for a new trial was considered and granted. Plaintiff appealed from the order granting a new trial, pursuant to section 77 of the Civil Practice Act. The Appellate Court reversed the order of the circuit court, and remanded the cause with directions that the "trial court set aside the order granting a new trial, and for further proceedings in due course." Thereafter defendant filed a petition for leave to appeal to this court (No. 26850), which was dismissed at the September Term, 1942. It is unnecessary to recite the facts, as they are fully set out in 304 Ill. App. 556, 314 Ill. App. 671, and *Goodrich* v. *Sprague,* 376 Ill. 80.

When the mandate of the Appellate Court in the second case was filed and motion made by plaintiff for the reinstating and redocketing of said cause, and for an order setting aside the order granting a new trial and for judgment upon the verdict, the defendant filed written objections to following the mandate of the Appellate Court, and among other objections asserted the judgment of the Appellate Court was violative of sections 11 and 12 of article VI, and sections 2 and 5 of article II of the constitution of the State of Illinois, and of section 1 of the fourteenth amendment of the constitution of the United States. These objections were overruled by the circuit court, and judgment entered on the verdict.

Defendant asserts that in this manner it has preserved a right to appeal from the judgment of the circuit court directly to this court. The manner in which defendant has been deprived of the benefit of the provisions of the constitution invoked is thus stated in its brief: "The Appellate Court was without power to determine that the weight of the evidence was with the plaintiff upon the issue of the defendant's negligence, due care of decedent, and the amount of damages, and was without power to determine finally any matter of law relating to the merits of the case, and upon such determinations of law

and fact by that court, direct that the order granting a new trial be vacated." To make its point more precise it adds: "In other words in cases where the trial court should have directed a verdict as a matter of law against the party obtaining a new trial, and none other, the Appellate Court may give such directions." Perusal of the argument of appellant discloses the foregoing is an accurate resumé of the effect of the constitutional provisions invoked by it.

We have recently had before us several cases in which the constitutional questions urged by appellant, as affecting the power and jurisdiction of the Appellate Court, have been discussed, analyzed and decided. In the case of *Corcoran* v. *City of Chicago,* 373 Ill. 567, there was a judgment for the plaintiff in the trial court. A motion for a new trial was denied and judgment entered. The Appellate Court reversed the judgment and remanded the cause, but upon an affidavit that no further evidence could be adduced by either side the remanding order was stricken, and the Appellate Court found the verdict was against the evidence and reversed the case for want of sufficient evidence. The cause was reviewed upon writ of error upon the contention of the plaintiff that section 92(3)b of the Civil Practice Act, providing that the Appellate Court might review errors of fact in that the judgment, decree or order appealed from was not sustained by the evidence or was against the weight of the evidence, was unconstitutional in that it deprived the successful party of the benefit of a jury trial. After a careful review of the rule at common law, as well as decisions under the statutes of Illinois on this subject from the earliest enactment down to date, we held that section 92(3)b did not violate the constitution in depriving the parties of a jury trial, and that it was within the power of the Appellate Court to hold the decree or order appealed from was not sustained by the evidence.

Following the *Corcoran* case the first appeal in this cause came to this court in *Goodrich* v. *Sprague,* 376 Ill. 80. After the jury had returned the verdict a motion for judgment notwithstanding the verdict and, in the alternative, for a new trial, was filed. The trial court entered judgment notwithstanding the verdict, but did not pass upon the motion for a new trial. The plaintiff appealed and the Appellate Court reversed the action of the circuit court in entering judgment notwithstanding the verdict, *denied the motion for new trial,* and entered judgment in that court for the plaintiff. Defendant contended section 68(3)c of the Civil Practice Act, purporting to authorize the action of the Appellate Court, was unconstitutional, and prosecuted a writ of error from this court to review its actions, which we held was the correct practice. (*Corcoran* v. *City of Chicago,* 373 Ill. 567; *Bagdonas* v. *Liberty Land and Investment Co.* 309 Ill. 103.) After a review of the constitutional and statutory provisions with respect to the powers of the Appellate Court we held that when the Appellate Court passed upon the motion for new trial, which had not been passed upon by the circuit court, it was exercising original jurisdiction, and said that section 68(3)c "so far as it purports to grant power to the Appellate Court to pass upon a motion for a new trial not passed on by the trial court and to enter judgment on the verdict of the jury, is unconstitutional, as an attempt by legislation to confer original jurisdiction upon a reviewing court, prohibited by the constitution of this State. Had the trial court passed on both questions the question would not have arisen." Almost the same state of facts is disclosed in *Walaite* v. *Chicago, Rock Island and Pacific Railway Co.* 376 Ill. 59, where the *Goodrich case* was followed.

*Herb* v. *Pitcairn,* 377 Ill. 405, presents a situation slightly different. In that case there was a verdict for the plaintiff. Motions were made for a directed verdict

at the close of the plaintiff's evidence and at the close of all the evidence, with rulings on such motions reserved. After the verdict was returned for plaintiff defendant made a motion for judgment notwithstanding the verdict, which was allowed by the court. Upon plaintiff's appeal the Appellate Court reversed the action of the trial court and entered judgment for the plaintiff. In this court on review we held that if a motion for judgment notwithstanding the verdict is denied, the party moving may apply for a new trial, and in case the motion for judgment notwithstanding the verdict is allowed and later reversed by the Appellate Court, upon remandment the defendant is not deprived of the right to have the circuit court pass upon a motion for a new trial. And we accordingly held in the *Herb case* that the Appellate Court, on an appeal from a judgment notwithstanding the verdict in case of reversal, is without power to enter judgment on the verdict, but should remand the cause to the trial court for the opportunity to make a motion for a new trial, which, if overruled, entitled the plaintiff to judgment on the verdict.

The *Herb case* follows *Goodrich* v. *Sprague,* 376 Ill. 80, in holding that so far as section 68(3)c of the Civil Practice Act purports to authorize the Appellate Court to exercise original jurisdiction it is unconstitutional and void.

The last of the series of cases is *Scott* v. *Freeport Motor Casualty Co.* 379 Ill. 155. In that case a suit was brought against an insurance company to recover, under the provisions of the policy, the amount of a judgment rendered against the assured. The case was tried before a jury and resulted in a verdict for the defendant. A motion for a new trial was made by the plaintiff because the verdict was against the weight of the evidence, and because of improper instructions and misconduct of the jury. A new trial was allowed by the trial court. The Appellate Court reversed the trial court and entered judg-

ment on the verdict. In review by this court the constitutionality of sections 77 and 92 of the Civil Practice Act was° involved. It was contended by plaintiff that the Appellate Court had no power under section 77 to review the order of the circuit court granting a new trial, by designating such an order final when in fact it was interlocutory; and that by entering judgment in the Appellate Court the plaintiff was deprived of due process of law; that section 92, if applicable to appeals from orders granting new trials by authorizing the entering of judgment in the Appellate Court, deprived the plaintiff of the right of trial by jury. We held in the *Scott case* the legislature had an undoubted right to provide for appeals to the Appellate Court from interlocutory orders as well as final orders, and that the real question was not whether an order granting a new trial was a final order, but whether section 8 of the Appellate Court Act had been so amended by section 77 of the Civil Practice Act as to authorize appeals from orders granting a new trial. The legislation authorizing appeals to the Appellate Court is reviewed at length, and the conclusion reached that section 8 of the Appellate Court Act was extended and amended by implication by section 77 of the Civil Practice Act so that such appeals are authorized, and that the constitution was not thereby violated. It was also held that section 92 of the Civil Practice Act does not purport to confer upon Appellate Courts power to enter a final judgment where it reverses the order of the trial court granting a new trial, where no final judgment has been entered in the trial court, because by so doing the original jurisdiction of entering a judgment would be exercised for the first time in the Appellate Court.

From this line of recent cases it is to be seen that we have definitely held: (1) The Appellate Court has the power to overrule the trial court on questions of fact involving the granting of a new trial, (*Corcoran* v. *City of*

*Chicago,* 373 Ill. 567;) (2) That where a motion for a judgment notwithstanding the verdict and for a new trial are both before the trial court, and only the motion for judgment granted, the Appellate Court, in reversing, can not exercise original jurisdiction to deny the new trial, (*Goodrich* v. *Sprague,* 376 Ill. 80;) (3) That, prior to the amendment of Rule 22, where a party obtains an order authorizing judgment notwithstanding the verdict he does not waive his right to make a motion for new trial in case the order is reversed by the Appellate Court, and it is therefore error for the Appellate Court to enter judgment without giving him the opportunity to move for a new trial (*Herb* v. *Pitcairn,* 377 Ill. 405;) (4) That section 77 of the Civil Practice Act authorizing an appeal from an order granting a new trial is not unconstitutional, and that section 92 purporting to authorize entry of judgment in the Appellate Court does not authorize such a judgment where judgment has not been entered in the trial court. *Scott* v. *Freeport Motor Casualty Co.* 379 Ill. 155.

We have thus reviewed the recent cases because there seems to be some misconception or misunderstanding in their application to Appellate Court procedure. These cases dispose of every constitutional point made by appellant. The claim that the Appellate Court has no authority under the constitution to disturb or overrule the discretion of the trial court in granting a new trial is contrary to our holding in *Corcoran* v. *City of Chicago,* 373 Ill. 567. The only way in which appellant attempts to distinguish that case is by saying that there a motion for new trial was denied, and implies the rule could not apply in case a new trial were allowed. We are unable to see the distinction. When the constitution and the statute permit the Appellate Court to review the facts raised by a motion for a new trial, whether it is granted or denied, the principles applicable should be the same. The same scrutiny of the evidence, the instructions, the conduct of the trial and other things

raised by the motion pertinent to a proper decision are required, regardless of whether the motion is granted or disallowed. We have decided in the *Corcoran case,* and later referred to it with approval, that the Appellate Court has such power, and we hold that it applies alike to cases where a motion for a new trial is denied, as well as where it is allowed.

Appellant's contention the Appellate Court exercised original jurisdiction contrary to the constitution cannot be sustained. The order of the Appellate Court provides: "The order granting a new trial is reversed and the cause remanded with directions the court set aside the order granting new trial, and for further proceedings in due course." This is exactly the form of the order we said should be entered in *Scott* v. *Freeport Motor Casualty Co.* 379 Ill. 155.

Appellant complains, and also urges, that because appeals may be allowed upon petition in cases where judgment of the lower court is affirmed, they should also be allowed in cases where an order allowing a new trial is reversed. The provisions with respect to each type of case are governed by statute. In the first the law provides the petition for appeal may be filed, and if allowed, may be considered by this court. Allowance of appeals is not essential to due process of law, (*People ex rel. Radium Dial Co.* v. *Ryan,* 371 Ill. 597,) hence limiting appeals to one court is within the power of the legislature. No authority is cited holding otherwise.

It is finally urged at great length that the discretion vested in the trial judge to grant or refuse a motion for new trial cannot be constitutionally vested in the Appellate Court. In this appellant reargues the point decided in the *Corcoran case.* There is nothing presented in the present appeal on the merits that has not been presented and decided heretofore, and the questions raised are no longer debatable.

Appellant claims we have jurisdiction of the cause and appellee makes a motion to transfer. We do not think we have jurisdiction of the cause, not only because the questions raised are not debatable, but because we do not believe they can be raised in the manner sought by appellant. The procedure adopted, after a dismissal of its petition to appeal to this court, was to make a motion in the circuit court to disobey the mandate of the Appellate Court, and as justification for such action incorporated constitutional objections to the redocketing of the cause and the carrying out of the directions of the upper court. If a constitutional question can be raised in this way in this case it can be raised in the same manner in any other case in which the Appellate Court has reversed a cause with directions, and by the assertion of a constitutional question an appeal may be procured on a question decided by the Appellate Court, by coming from the circuit court after an appeal from the Appellate Court has been denied.

No constitutional objection to the right of plaintiff to appeal was made in the circuit court. The alleged violation of plaintiff's rights occurred for the first time when the Appellate Court rendered its opinion. Under the practice that we have heretofore approved, when such constitutional rights had then for the first time been denied, it may be reached by writ of error from this court, as pointed out heretofore in this opinion.

This case has been before the Appellate Court upon the question of entering judgment notwithstanding the verdict. The Appellate Court there reviewed the evidence and held such order should have not been entered, and we approved that part of the judgment of the Appellate Court in our first opinion. (*Goodrich* v. *Sprague,* 376 Ill. 80.) The second time the question was before the Appellate Court the sufficiency of evidence to justify the verdict was analyzed and scrutinized by the Appellate Court, as well as the instructions and other errors urged before the

trial court. It thus appears that defendant has had every question that could be raised passed upon by the Appellate Court. In the first appeal the judgment notwithstanding the verdict was reversed and that action was approved here, but defendant procured the right to have its motion for new trial passed upon. When that was finally decided, adversely to it, by the Appellate Court on the second appeal, every question was decided that would be determinative of this case.

The petition to appeal to this court upon the action of the Appellate Court in that case was dismissed. The constitutional questions which are now urged have been settled prior to this appeal. The case of the defendant was ended when the Appellate Court in the second case held it was not entitled to a new trial. There is no provision of statute or principle of the common law that permits either party in a case such as this by another appeal to relitigate the same issues again. The case is in the same position as though both questions had been decided in the Appellate Court on one appeal, and application for review denied by this court.

It is our conclusion the constitutional points raised by appellant are no longer debatable; that since the circuit court is compelled to follow the mandate of the Appellate Court, (*Lincoln Park Comrs.* v. *Schmidt,* 379 Ill. 130,) questions giving this court jurisdiction cannot be raised upon a motion to disobey the mandate, and that because all of the issues necessary for a final disposition of the case have been decided, the appeal of appellant in this case should be dismissed. *Appeal dismissed.*