Lewis F. Eckhardt, Plaintiff-Appellant, v. Maurice C. Hickman and Engineering Service Corporation, Defendants-Appellees.

Gen. No. 9,874.

Opinion filed March 3, 1953. Rehearing denied April 1, 1953. Released for publication April 1, 1953.

McMILLEN & GARMAN, of Decatur, for appellant.

VAIL, MILLS & ARMSTRONG, of Decatur, for appellees.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

This was an action for damages for personal injuries and property damage suffered by the plaintiff, Lewis F. Eckhardt, in a collision between an automobile owned and driven by the plaintiff and an automobile owned by the defendant, Engineering Service Corporation and driven by one of its employees, Maurice C. Hickman, who is also a defendant.

The case was tried before a jury and verdicts finding both defendants guilty and assessing the plaintiff's damages at $5,000 as against the defendant, Engineering Service Corporation and at "none" dollars against the defendant, Maurice C. Hickman, the driver.

Motions for directed verdicts at the close of all the evidence were filed by both defendants and the ruling thereon was reserved until after the verdict. The trial

court entered judgment for both defendants notwithstanding the verdicts of the jury, on April 7, 1952. The defendants filed a motion for a new trial to be effective only in event the judgment was vacated or set aside, on April 12, 1952. The plaintiff filed a motion to strike the defendants' motion for a new trial. This motion was denied and a new trial motion was granted. The plaintiff appeals from the order of the court allowing the motion for directed verdicts, entering judgment for defendants notwithstanding the verdicts of the jury and denying plaintiff's motion to strike defendants' motion for a new trial and the allowing of the motion for a new trial in event of reversal of the judgment.

The first question presented is whether it was error for the trial court to grant defendants' motions for a directed verdict and enter judgments notwithstanding the verdicts. "A motion for directed verdict or for judgment notwithstanding the verdict presents the single question whether there is in the record any evidence which, standing alone and taken with all its intendments most favorable to the party resisting the motion, tends to prove the material elements of his case." *Lindroth v. Walgreen Co.,* 407 Ill. 121, 130; *Gorczynski v. Nugent,* 402 Ill. 147; *Weinstein v. Metropolitan Life Ins. Co.,* 389 Ill. 571.

There is considerable argument over the evidence in the record as to whether the defendant Hickman was guilty of wilful and wanton conduct as charged in the complaint and found by the jury in their answer to a special interrogatory.

This court, of course, on the contention here in issue is not concerned with the weight or credibility of the evidence but only in the narrow question of whether there is any evidence, together with all reasonable inferences to be drawn therefrom, which would justify submission of the case to the jury.

It becomes necessary therefore, in order to determine the question of law presented, that we examine the evidence relating to the occurrence out of which the injury grew. The collision occurred at Boody in Macon County on the 13th day of August, 1949 at about 5:30 p. m. The defendant, Hickman, was driving a 1949 Ford owned by the Engineering Service Corporation and the plaintiff was driving a 1941 Ford which was owned by him. The accident happened on State Route 48 which was a paved concrete highway approximately 20 feet wide. It occurred near a filling station located a short distance from a gravel road leading off to the west from the highway. Hickman, one of the defendants, was called under section 60 of the Practice Act [Ill. Rev. Stats. 1951; ch. 110, par. 184; Jones Ill. Stats. Ann. 104.060] for cross-examination. He testified that the automobile which he used was furnished by his employer and that he had left the company office in Decatur on Saturday noon to return to his home in Litchfield. He stated that when he had his lunch that he drank two glasses of beer; that he returned to his hotel and proceeded directly for his home. He drove from Decatur toward Boody on Route 48 and approached Boody at a speed of about 60 miles an hour which was his usual speed. He slowed down to between 35 and 40 miles an hour as he approached the outskirts of the village from the north. He testified that he didn't see the Eckhardt car until it was right in front of him but that he had seen it approaching on the other side of the road but he had no present recollection as to how far away it was when he first saw it; he stated that he drove his car continuously on the right-hand side of the road from the time he first saw the Eckhardt car until the collision and didn't swerve from a straight path on his side of the road in either direction; he stated that he ran into the Eckhardt car when it was making a left turn off the hard road; that he had driven

478

through Boody many times and was familiar with that area where there was a wide gravel drive into a filling station near which the accident occurred; that he had seen traffic turn into this station from the hard road. He stated that he didn't turn and didn't put his brakes on at any time. The plaintiff, Eckhardt testified that he was 72 years old and that he was driving along Route 48 intending to turn at the gravel road just north of the filling station when he saw the car approaching from the opposite direction, at which time the other car appeared to him to be several hundred feet to the north. He testified that he was driving about 30 miles per hour at that time and when he got to the filling station, slowed down a little, put his hand out of the window as far as he could and started to make his turn; he testified that when he was a little over half way across the road he observed that the car coming from the opposite direction was coming very fast and that he stepped on the gas as he thought he could make it across; that the oncoming car never swerved from a direct path toward him and that his left wheel was off the slab just before he was hit; that he had his hand out signaling for a left turn the whole time. He testified that he did not remember anything that happened after the accident for some time; that he was taken to the hospital and was unconscious. He further testified that the sun was shining, the pavement was dry and there was nothing to obstruct the view of either of the drivers.

The defendant, Hickman, called as a witness for the defendants, testified that the accident happened in his traffic lane and that he didn't have time to stop when the plaintiff's car attempted to pull off the road to the left.

There were a number of other witnesses as to the relative locations of the cars, etc., but no other eyewitnesses to the collision.

479

The jury found the plaintiff not guilty as to the counterclaims of the defendants which are not here in issue; they found the defendant, Engineering Service Corporation guilty and assessed damages against it in the amount of $5,000 and defendant Hickman guilty and assessed "none" dollars damages against him. The jury returned answers to certain special interrogatories submitted by the defendants. One was to the effect that the plaintiff, Eckhardt did not wilfully and wantonly drive his automobile into the path of the automobile being driven by Hickman; another to the effect that Hickman was driving the automobile as an agent and servant of the Engineering Service Corporation in the scope of his employment at the time of the collision and another that Hickman did wilfully and wantonly and recklessly drive his automobile into the plaintiff's automobile.

 It would appear that if the jury would have believed the testimony of the plaintiff Eckhardt and have believed portions of Hickman's admissions as to his speed and the fact that he never applied his brakes nor swerved in either direction, that they could have come to the conclusion that Hickman was guilty, as they found him to be. Under this state of the record the court should not have directed a verdict and it was error to do so.

Now we come to the question as to whether or not the court should have granted the motion of the plaintiff to strike the defendants' motion for a new trial in the event that the judgment should be reversed. Plaintiff contends very strenuously that the defendant did not comply with Rule 22 of the Supreme Court [Ill. Rev. Stats. 1951, ch. 110, par. 259.22; Jones Ill. Stats. Ann. 105.22] by filing his motion for a new trial before judgment was entered.

 "In sustaining the motion for a directed verdict, and entering judgment *non obstante veredicto,*

the court followed the practice authorized by section 68 (3)a of the Civil Practice act.'' *Herb v. Pitcairn,* 377 Ill. 405, 406. The defendants had a right under section 68 (3)a [Ill. Rev. Stats. 1951, ch. 110, par. 192, subpar. (3)a; Jones Ill. Stats. Ann. 104.068, subpar. (3)a] to move for a directed verdict at the close of all the evidence and the trial judge had the right to reserve his ruling on that motion, submit the case to the jury, record its verdict when received, and thereafter at the convenience of the court, hear argument on the reserved motion and either enter judgment on the verdict or judgment notwithstanding the verdict, depending on his views as to whether the reserved motion should have been granted or denied. The defendants having proceeded strictly in accordance with subsection 3a, there was no occasion for them to file a motion for new trial until such time as the court ruled on the reserved motion. When the trial court considers a reserved motion the case must be regarded as in the same status as it was before the case was submitted to the jury. In other words, the court is ruling not on a motion for judgment notwithstanding the verdict, as contemplated by Rule 22, but on a motion for a directed verdict. The fact that the judgment when entered on that motion was necessarily one notwithstanding the verdict, did not make Rule 22 applicable. Any other interpretation would make subsection 3a an entrapment. That section invites reservation of a motion to direct a verdict and the subsequent ruling on the motion as a means of avoiding the necessity, where possible, of duplicate appeals. If section 68 were interpreted as plaintiff contends, then a defendant would always be denied his right of new trial.

 Supreme Court Rule 22 was promulgated following the decisions of the Supreme Court in *Goodrich v. Sprague,* 376 Ill. 80; *Herb v. Pitcairn,* 377 Ill. 405; and *Walaite v. Chicago, R. I. & P. Ry. Co.,* 376 Ill. 59,

holding unconstitutional the provisions of subsections b and c authorizing the Appellate Court to consider the question of new trial despite the fact that the trial court had made no ruling in that regard. Rule 22 was intended to and does supply the deficiency present in subsections b and c. The Illinois statute was held unconstitutional because it conferred original jurisdiction on the Appellate Court, which under the Constitution is a court having appellate jurisdiction only. Consequently some way had to be found of obtaining a ruling on the question of new trial by the trial court so that the Appellate Court could act within its appellate jurisdiction when the case came before it.

██ The well settled rule of statutory construction that a thing within the spirit is within the statute even though not within the letter of the statute, *People v. Funkhouser,* 385 Ill. 396, is as much applicable to rules of court as it is to statutes. Section 4 of the Civil Practice Act [Ill. Rev. Stats. 1951, ch. 110, par. 128; Jones Ill. Stats. Ann. 104.004] is in part an expression of that doctrine. Another well settled rule of construction applicable here is that neither statutes nor rules of court should be construed according to literal wording if an absurd or ridiculous result will follow. Should Section 68 or Rule 22 be construed as contended by plaintiff, both of these rules of construction would be violated.

██ Even if it should be held that Rule 22 does not apply because that rule contemplates a formal motion for judgment *non obstante veredicto* in the first instance, still the result contended for by plaintiff would not follow because if the rule does not apply then the case would be controlled by the old practice under which the Appellate Court would reverse the judgment and remand for new trial because the case would be before it only on a judgment entered on a motion for directed verdict. Plaintiff's argument is fundamentally

faulty in that his position is a concession that Section 68 (3)a is applicable at least to the extent of the court's reservation on its ruling on the motion for directed verdict. That being so, then *Goodrich v. Sprague,* 376 Ill. 80, would be applicable and the Appellate Court would have to remand outright for new trial. The only difference here is that the Appellate Court has before it a judgment of the trial court granting the new trial and is in a position to affirm that judgment or to reverse it.

 We do not have before us any reason set forth at the time of the allowance of the motion for new trial by the trial court. The question of a new trial was addressed to the sound discretion of the trial court and when granted, such order will be reversed only when it affirmatively appears that there has been a clear abuse of such discretion. *Bugdoian v. Union Trust Co.,* 337 Ill. App. 405, 413; *Couch v. Southern Ry. Co.,* 294 Ill. App. 490.

 There are numerous assignments of error, including inconsistency of verdicts, the question of the manifest weight of the evidence, instructions, inadmissible evidence, conduct of counsel, etc., which the court does not feel it necessary to decide in this opinion as the case must be retried and undoubtedly due consideration to these questions will be given and the same errors not repeated on a new trial.

 The action of the trial court in allowing the motion for a directed verdict and for judgment *non obstante veredicto* is therefore hereby reversed and the action of the trial court in the allowing of the motion for a new trial is hereby affirmed. It is our conclusion that the costs of this appeal are hereby ordered taxed against the defendants-appellees.

*Reversed in part, affirmed in part and remanded.*

MR. JUSTICE CARROLL took no part in the consideration or decision of this case.