(No. 32904.— )

LEWIS F. ECKHARDT, Appellant, *vs.* MAURICE C. HICKMAN *et al.,* Appellees.

*Opinion filed January 20, 1954.*

MCMILLAN & GARMAN, of Decatur, (HORACE B. GARMAN, and ROBERT D. OWEN, of counsel,) for appellant.

VAIL, MILLS & ARMSTRONG, of Decatur, for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

This tort action, tried before a jury in the circuit court of Macon County, had its beginning when Lewis F. Eckhardt, plaintiff-appellant, filed a complaint to recover dam-

ages for personal injuries and property damage suffered when his automobile collided with one owned by the Engineering Service Corporation which, along with its employee-driver, Maurice C. Hickman, was named as defendant. At the close of all the evidence both defendants filed motions for directed verdicts and ruling thereon was reserved until after the verdicts. Thereafter the jury returned verdicts finding each of the defendants guilty and assessed plaintiff's damages at $5000 as against the corporation but at "none" as against the employee. Subsequently, on April 7, 1952, the trial court considered the defendants' motions and entered judgments for each notwithstanding the verdicts of the jury. Five days later, on April 12, 1952, the defendants filed a motion for new trial, designating it an alternative motion, to be effective only in event the judgments of the trial court were vacated or set aside. Plaintiff filed a motion to strike the motion for new trial alleging that it was not filed prior to the entry of the judgments for defendants, and that there is no authority in law for filing an alternative motion for a new trial. Plaintiff's motion to strike was denied and the motion for new trial was allowed with the condition that it was not to become effective unless and until the judgments for defendants were reversed, vacated or set aside. Plaintiff appealed the cause to the Appellate Court for the Third District and that court, in *Eckhardt v. Hickman,* 349 Ill. App. 474, 111 N.E. 2d 199, reversed the trial court insofar as it had granted defendants judgments n.o.v. but affirmed the trial court's order granting a new trial and remanded the cause. This court has granted leave to appeal on plaintiff's petition.

Defendants, the appellees in this court, have filed a motion to dismiss the appeal and to dismiss the petition for leave to appeal on the ground that the judgment of the Appellate Court remanding the cause for new trial is not final and appealable, (See: 2 I.L.P., Appeal and Error, sec. 155,) and for the further reason that this court has

no jurisdiction to review an order of the Appellate Court granting a new trial. (*Kavanaugh* v. *Washburn*, 387 Ill. 204.) The motion has been taken with the case.

The chief controversy between the parties at this time centers around Rule 22 of this court, (Ill. Rev. Stat. 1953, chap. 110, par. 259.22,) which provides that when the trial court shall enter an order granting a motion for judgment notwithstanding the verdict, such court shall, at the same time, pass upon and decide in the same order any motion for a new trial made by the party moving for judgment notwithstanding verdict. In construing this rule, we held in *Todd* v. *Kresge Co.* 384 Ill. 524, that the party who has moved for a judgment notwithstanding the verdict must file his motion for a new trial at the same time and obtain a ruling thereon, otherwise, when the motion for judgment has been allowed and such ruling appealed from, his failure to file will be treated as a waiver of the right to apply for a new trial. Although the rule does not expressly, by its terms, refer to the procedure to be followed where there is a motion for a directed verdict upon which ruling is reserved until after verdict, appellant argues that both motions present the same question and have the same legal effect, thus making Rule 22 applicable to both. On this basis it is urged that appellees waived their right to move for a new trial by their failure to file such motion so it could be considered at the same time as their motion for directed verdicts, and that the Appellate Court, having found that the trial court erred in granting the motion for directed verdicts, should not have remanded for a new trial but should have entered judgments for appellant on the verdicts of the jury. Further attacking the judgment of the Appellate Court, appellant says that if Rule 22 has no application, there is no authority in the trial court to consider a motion for new trial by the parties who had a judgment notwithstanding the verdict entered in their favor

and therefore no authority in the Appellate Court to consider or affirm the order granting a new trial.

The authority for the trial court to reserve its ruling on a motion for directed verdict until after the verdict is received is found in section 68(3)a of the Civil Practice Act. (Ill. Rev. Stat. 1953, chap. 110, par. 192(3)a; Jones Ann. Stat. 104.068.) There is no provision in the statute or in the rules of this court which expressly provides that a motion for new trial must be filed or passed upon at the same time the reserved ruling is made upon such a motion. The practical situation is that when a motion for directed verdict is filed, it is necessarily done before verdict when the moving party does not know but what he may subsequently receive a favorable verdict and not need a new trial. Such a procedural situation is manifestly different from that occurring when a motion is made after verdict for judgment notwithstanding the verdict and to which Rule 22 is made to apply by its express terms. In both *Herb* v. *Pitcairn*, 377 Ill. 405, which was decided before the present Rule 22 was adopted in 1941, and in *Goodrich* v. *Sprague*, 385 Ill. 200, decided after the adoption, this court indicated that a party did not waive his right to file a motion for a new trial by filing a motion for directed verdict and, also, that when the trial court reserves ruling on defendant's motion for a directed verdict and, after verdict for plaintiff, enters judgment for defendant notwithstanding the verdict, the reversal of such judgment does not deprive the defendant of a right to the judgment of the trial court upon all questions which could properly be raised upon a motion for a new trial. Appellant would now have us deny the defendants that right by what we consider a very distorted construction of Rule 22, namely, that the requirement for simultaneous ruling upon a motion for new trial applies just as equally to the procedural situation created when a party moves for a directed verdict,

and the ruling on such motion is reserved, as it does to the case where a party files a motion for judgment notwithstanding the verdict.

Although both procedural situations present the same problems of circuity of action that Rule 22 was designed to avoid, we think it manifest that the rule does not contemplate the situation presented by this case where there is a motion for directed verdict and the ruling thereon reserved until after verdict. The provisions of the rule are clear and unambiguous and relate solely to the procedure to be followed when there are alternative motions for new trial and for judgment notwithstanding the verdict. To say that the rule extends to motions for directed verdicts would do torture to the words used and would avoid the practical differences between the procedural aspects of the two motions. As pointed out by the Appellate Court, the rule presents no clear-cut guide as to what procedure is to be followed with regard to a motion for a new trial where, as here, there is a motion for a directed verdict and ruling thereon reserved until after verdict. Our ruling must, therefore, be for a reasonable and practical interpretation to the end that parties so moving must be afforded an opportunity to be heard on a motion for new trial at some stage of the proceeding. Rule 22 does not, by its terms, apply to the procedure followed in this case, and, looking to the language of the *Herb* and *Goodrich cases,* previously discussed, it is our judgment that the Appellate Court properly held that Rule 22 has no application here and that appellees did not waive their right to apply for a new trial.

Since we are of the opinion that Rule 22 does not apply here, there remains the question of whether the Appellate Court should properly have remanded the cause to the trial court for a hearing on the motion for new trial under the accepted procedure of the past, or whether the court was in error in affirming the trial court's action of allowing

the motion for new trial. Absent the authority of Rule 22, appellant contends that there is no authority which permits an alternative motion for a new trial to be filed or granted and urges that the only course of action left to the Appellate Court after its reversal of the judgments entered for appellees was to remand the cause to the trial court with directions to enter judgments upon the verdicts of the jury. While appellees admit that neither the Practice Act nor Rules of court specifically authorize or direct alternative motions for new trial, they point out, as this court observed in *Goodrich* v. *Sprague,* 376 Ill. 80, (p. 87,) that neither do they prohibit them. Since motions for new trial are based upon and rooted in common law, (See: *Corcoran* v. *City of Chicago,* 373 Ill. 567,) and since we have found no authority to show that common-law procedure prohibited alternative motions, we are not inclined to hold that the Rules and the Practice Act are exhaustive and that nothing is permitted outside of them. Here, the Appellate Court had before it all the issues raised in the motion for new trial and was in a position to pass upon them without the necessity of remanding the cause. In the interest of avoiding circuity of action, multiple appeals, and speedy disposition of litigation, it is our conclusion that remandment of the cause for a new hearing on the motion for new trial would be but technical and unnecessary procedure and that the Appellate Court did not err in passing upon the motion for new trial.

Inasmuch as we conclude that the Appellate Court properly considered the motion for a new trial and remanded the cause for that purpose, the result is that there is before us only an appeal from an order granting a new trial. Since an appeal to this court from such an order is not authorized, (*Kavanaugh* v. *Washburn,* 387 Ill. 204,) appellees' motion to dismiss the appeal will be sustained.

*Appeal dismissed.*