(No. 30817.—

RAYMOND GORCZYNSKI, Appellee, *vs.* FRANK NUGENT *et al.* —(WASHINGTON PARK JOCKEY CLUB *et al.,* Appellants.)

*Opinion filed November 18, 1948—Rehearing denied Jan. 17, 1949.*

VOGEL & BUNGE, of Chicago, (ROBERT L. HOWARD, of counsel,) for appellants.

JOHN H. GATELY, MICHAEL M. PHILLIPS, and RAYMOND L. SUEKOFF, all of Chicago, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is an action for damages sustained by the plaintiff, a minor under the age of fourteen years, based upon an alleged violation of the Child Labor Act. The complaint

was filed against Frank Nugent, Mrs. Elizabeth Nugent, Washington Park Jockey Club, a corporation, and Arlington Park Jockey Club, a corporation. On a trial by a jury in the circuit court of Cook County a verdict was returned in favor of the plaintiff in the sum of $35,000. Motions for directed verdict, judgment notwithstanding the verdict and for a new trial having been overruled, judgment was entered for the above amount. The corporate defendants only appealed and the Appellate Court affirmed the judgment. The corporate defendants are herein referred to as appellants.

The principal propositions raised on this record are: (1) That appellants did not "suffer or permit" plaintiff to work at a gainful occupation in, for or in connection with, a place of amusement as prohibited by section 1 of the Illinois Child Labor Act, (Ill. Rev. Stat. 1945, chap. 48, par. 17;) and (2) that the giving of plaintiff's instruction No. 6 by the trial court was reversible error.

The record discloses that appellants operated a race track near the city of Chicago, which track is enclosed by a fence and the racecourse area is separated from the stable area by an interior fence. There are various gates in the fences to permit access to the racecourse and stable area. In July, 1945, appellants were conducting racing on their property and among those who had brought horses to enter the races were Mrs. Elizabeth Nugent and her trainer, Frank Nugent, who were defendants below but do not appeal here. Permission to enter horses in racing events was obtained by making application to appellants, who in their discretion granted or refused permission. Permission having been granted, the owners of horses were required by the rules of the Illinois Racing Board to bring in and stable horses in the area provided by appellants, such stables being assigned by appellants for that purpose. Owners were required to furnish to the appellants a list of the horses to be stabled, the names of the owners and their

employees, who were licensed by the Illinois Racing Board. The evidence discloses that the Nugents furnished such list and entered into the assigned stables. The rules, regulation and conditions imposed by the Illinois Racing Board required appellants to regulate and control the use of the stable area and admission of persons at all times to such area. They maintained police and other agents in the stable area and at the various gates opening into it. Access to the stable area was strictly controlled except that from the hours of 5:00 o'clock A.M. to 11:00 A.M. the control was released to admit the general public to such area.

In the latter part of June, 1945, the plaintiff, a boy thirteen years of age, was employed by Frank Nugent to walk and cool out the Nugent horses after workouts or races. He was paid at the rate of fifty cents per hour and accumulations of pay were paid every two weeks. Plaintiff pursued his employment every day, arriving at the stable area about 5:00 A.M. There is no evidence that his right to enter the stable area or to carry out his duties was ever questioned by appellants.

The evidence also shows that the walking of "hot" horses was a necessary part of their care and that many other boys and men were employed to perform such services. The work performed by plaintiff was done in the stable area in full view of appellants' police and other agents and employees. Plaintiff was neither licensed nor was his name included on the list of licensed employees furnished by the Nugents to the appellants. It was appellants' practice and a requirement of the Racing Board to furnish to licensed employees of horse owners an identification badge. None was ever furnished plaintiff.

On July 26, 1945, while plaintiff was employed by Frank Nugent and was walking and grazing one of the Nugent horses, called Play Grier, in the stable area, he was kicked by said horse and sustained serious and permanent injuries.

The principal question presented is whether appellants suffered or permitted the plaintiff to work within the meaning of the Child Labor Act, and it is urged by appellants that the words "suffer or permit" imply effective control, actual knowledge, and conscious consent, and that none of these were present in the instant case. The facts that plaintiff was under the statutory age, that the injury occurred while employed by the defendant Frank Nugent, who has not appealed, and that the place of the injury was on the appellants' premises are established by the judgment below. An affirmance of a judgment by the Appellate Court implies a finding of the facts as they were found by the trial court and such finding is conclusive on this court. *Merlo* v. *Public Service Co.* 381 Ill. 300.

Appellants contend that in order to be within the meaning of the act they must have had knowledge of the illegal employment of plaintiff and it is their contention that they had no knowledge that plaintiff was under the statutory age of 14. As to this contention the law seems to be well settled that as between master and servant lack of knowledge of the child's actual age is no defense even when a child employed misleads the employer as to his true age. (*Beauchamp* v. *Sturges & Burn Mfg. Co.* 250 Ill. 303; affirmed 231 U. S. 320.) It is the duty of those who are liable under the act to see that children are not employed contrary to its provisions. (*Strafford* v. *Republic Iron and Steel Co.* 238 Ill. 371.) It is apparently the object of the statute to prevent absolutely the employment of children under the age of fourteen years in the occupations named therein, and a construction should be given which will effectuate that purpose, if it can be done consistently with the wording of the statute. (*American Car and Foundry Co.* v. *Armentraut,* 214 Ill. 509.) This was the rule as determined in the case of *Purtell* v. *Philadelphia and Reading Coal and Iron Co.* 256 Ill. 110, which further held that the application of the Child Labor Act is not limited to

cases in which the relation of master and servant exists between the plaintiff and defendant.

An examination of the evidence reveals that appellants' policemen, guards and other employees were in and about the stable area at all times during which plaintiff carried out his employment. One Bethke, employed by the appellants as a policeman testified he saw the plaintiff walking and grazing horses in the stable area over a period of two weeks and saw him grazing the horse that injured plaintiff shortly before the accident occurred. It cannot be seriously contended that the appellants did not have knowledge of plaintiff's presence.

It is contended by appellants that plaintiff was not working at a gainful occupation so as to bring them within the act, and in support of this position they cite the case of *Scott* v. *Freeport Motor Casualty Co.* 392 Ill. 332, holding that "occasional acts will not constitute an occupation," and contend the plaintiff here was not engaged in a gainful occupation.

In the *Scott case* there was involved the construction of an insurance policy which included a condition that the insured should engage "in no occupation other than farming." The facts there were that the insured was a farmer but occasionally made a sale for a cattle company as its salesman. The facts there are not at all analogous to the facts in the instant case, as the evidence in the instant case clearly shows the plaintiff reported every day regularly for work at the Nugents' stable over a period of several weeks, and was paid for such work every two weeks and when injured had pay due him in the amount of $18. It is apparent that plaintiff was gainfully employed regularly sufficient to constitute an occupation within the meaning of the act.

Appellants further contend that they cannot be liable because they did not know plaintiff was gainfully employed.

This contention is untenable when considered in the light of the evidence. Appellants' general manager testified that the cooling out of horses by walkers was an absolute necessity and that he observed the work being regularly done on his rounds of the stable area.

It is further contended by appellants that they are not liable for the reason that at the time of the accident plaintiff was not employed in, for or in connection with, a place of amusement. Appellants concede that the racecourse enclosure is a place of amusement and that it was so held in the case of *Webber* v. *City of Chicago,* 148 Ill. 313, but contend the stable area, being separately enclosed, is not such place of amusement. No cases are cited in support of this proposition.

Section 1 of the Child Labor Act provides: "No minor under the age of fourteen years shall be employed, permitted or suffered to work at any gainful occupation in, for or in connection with, any * * * place of amusement * * * within the State."

The record discloses that the horses brought to appellants' race track were brought there only on permission of appellants; that after being brought there the owners and persons occupied with their care and use were subject to appellants' supervision. The stable area in which the horses were kept was enclosed within the fence running around the race track property and was adjacent to and contiguous with the area of the race course and other facilities for the entertainment of the public. The evidence clearly shows that the specific duty being performed by the plaintiff when he was injured was essential to the care and preparation of the horses which were necessary if races were to be carried on within the enclosure. We are not of the opinion it can reasonably be said there was no connection between the operation of the racecourse and the work carried on by plaintiff in the adjacent stable area. The plaintiff's

work was in the stable area and was in connection with a place of amusement.

The facts in this case establish that plaintiff was illegally employed at a gainful occupation by the Nugents in connection with appellants' place of amusement, which would leave for determination the remaining or principal question whether appellants "permitted or suffered" plaintiff to so work. Appellants urge they are not liable because the Nugents were not their employees and appellants had no control over plaintiff's employment by the Nugents. In the case of *Purtell* v. *Philadelphia Coal Co.* 256 Ill. 110, the plaintiff, a minor under the statutory age, was employed as a water boy by coal pushers working in defendant's coal yard. While so employed he was injured and filed suit under the Child Labor Act. It was there held that the relation of master and servant is not necessary in applying the act. The court specifically said in that case, "The coal pushers who hired appellee were servants of appellant and entirely under its control. The latter had the right to order its employees to hire no boys under lawful age to carry water, and to enforce obedience to such order." In the instant case the Nugents were not employees of appellant and to that extent this case is different from the *Purtell case.* However, an examination of the evidence shows that the right to control the Nugents' conduct on appellants' premises was as extensive as if they had been employees.

Appellants' track is under the supervision of the Illinois Racing Board which has authority to prescribe rules, regulations and conditions under which racing must be carried out. At appellants' track there was a board of three stewards, one appointed, the others affirmed by the racing board. They were paid by appellants and under paragraph 28 of the Racing Board's rules governing horse racing, they were empowered with general supervision over owners and all other persons attendant upon horses. The

stewards are granted power to fire or suspend horse owners for improper conduct, and in this case the violation charged could have been effectively forbidden by invoking the powers of the board of stewards.

The Racing Board further provides in paragraph 319 of its rules, that track watchmen and policemen shall be responsible for the "certain part of the stable enclosure where they are on duty and shall immediately investigate and report the presence of anyone during the night or day who may be within said stable enclosure without possessing proper credentials." Paragraph 320 provides, "All such stable enclosures must be properly fenced and admission granted only on proper license or credentials actually shown to the gateman." Paragraph 321 provides, "Any trainer, owner or stable foreman or others who harbor anyone not so provided with credentials shall be immediately reported to the Stewards of the meeting so that they may make investigation thereof and report the facts to the Illinois Racing Board."

It is apparent from the evidence in this case that defendants could have caused a suspension of the Nugents for violation of the law, could have prevented the plaintiff from entering the stable area, and were under a positive duty to investigate both the Nugents and the plaintiff and require the plaintiff be either discharged or furnished with proper credentials. We hardly see how the power of control over the Nugents and plaintiff could have been more complete. We said in the *Purtell case*, "It is the child's working that is forbidden by the statute and not his hiring, and while the statute does not require employers to police their premises in order to prevent chance violations of the act, they owe the duty of using reasonable care to see that boys under the forbidden age are not suffered or permitted to work there contrary to the statute." We find here that appellants knew or could have known by the exercise of reasonable care, or by the performance of

their effective duty as prescribed by the racing board, that plaintiff was illegally employed on its premises and under such circumstances permitted or suffered plaintiff to work in violation of the statute. Appellants cite a number of cases which we have examined, including the case of *Clover Creamery Co.* v. *Kanode,* 142 Va. 542, and *Silver King Coalition Mines Co.* v. *Lindsmith,* 19 Fed. 2d 221. These cases present entirely different factual situations and afford but little assistance in determining the correct conclusion in the instant case.

Appellants' contention that the trial court should have directed a verdict is without merit. The only question presented by such a motion is whether there is any evidence which, standing alone, tends to prove the material allegations of the complaint. (*Merlo* v. *Public Service Co.* 381 Ill. 300.) The record here presents sufficient evidence to go to the jury and the motion for directed verdict was properly overruled.

The last contention is that there was error in giving plaintiff's instruction No. 6. This was a long-drawn-out instruction, alternative in form, but substantially covering the elements necessary to be proved in order for plaintiff to recover under the statute involved here. It is urged by appellants that portions of the instruction tell the jury, in substance, that it is to find appellants guilty if they knew, or in the exercise of reasonable care could have known, that plaintiff was working on their premises, and could have prevented him from working there. They argue the question is not whether the appellants knew or could have known that plaintiff was working on their premises and could have prevented his working there, but whether they "suffered or permitted" him to be employed illegally by the Nugents; that to prove that the Nugents "suffered or permitted" such illegal employment, plaintiff must prove much more than that they knew he was working on their

premises and could have prevented his working there. The instruction, of course, was not as complete as it should be, but we are of the opinion it substantially stated the duty, and the facts justified a finding that the appellants "suffered or permitted" such illegal employment.

It also appears from the record that appellants' given instruction fully presented their theory of the case that it was necessary, before the plaintiff could recover, that he prove by a preponderance or greater weight of the evidence "that with knowledge of such employment and with the power to prevent the same, the defendants, Washington Park Jockey Club and Arlington Park Jockey Club 'permitted and suffered' such employment," and if the plaintiff fails to prove the foregoing proposition by a preponderance of all the evidence, said defendants should be found not guilty. In view of this instruction and others given by the appellants on their theory of the case, we are not of the opinion the jury was prejudiced in any way by instruction No. 6.

We are also of the opinion that the contention of the appellants that they had a right to presume that the Nugents would obey the law is without merit and the cases cited to sustain this position are not in point. We think the object and purpose of the statute under consideration here is to forbid absolutely the employment of children under the age of fourteen years, and under the facts in this case the words "suffer or permit" used in the statute, are meaningless unless appellants be required to exercise their duty to prevent such violations.

Power to control and means of knowledge being present in appellants, they are liable under the facts as disclosed by the record here. We have gone over this record carefully and find no reversible error, and the judgment of the Appellate Court is, therefore, affirmed.

*Judgment affirmed.*