People of State of Illinois, Defendant in Error, v. Eloise Standerfer, Plaintiff in Error.

Term No. 49011.

Opinion filed January 19, 1950. Released for publication February 20, 1950.

F. R. WILEY, JAMES G. ALLEN and CHARLES I. DERR, all of Decatur, for plaintiff in error.

J. RICHARD ROYAL, States Attorney, of Fayette county, for defendant in error.

MR. PRESIDING JUSTICE BARDENS delivered the opinion of the court.

Eloise Standerfer, plaintiff in error (hereinafter referred to as defendant) was convicted, upon trial by jury, in the county court of Fayette county, Illinois, of the crime of contributing to the dependency and neglect of her seven minor children under the provisions of paragraphs one and two of an Act entitled "An Act to Define and Punish the Crime of Contributing to the Dependency and Neglect of Children" (Ill. Rev. Stat. 1947, ch. 38, pars. 100 and 101 [Jones Ill. Stats. Ann. 37.084, 37.085]). She was sentenced to serve six months imprisonment in the county jail and to pay a fine of one hundred dollars and costs. From this judgment, the defendant has sued out a writ of error to this court.

The defendant has assigned fifteen errors as cause for reversal. We will first discuss together assigned error number 1, which complains of the overruling of a motion to quash the amended information; number 10, which complains of the overruling of a motion in arrest of judgment; and number 12, which sets out that the information is void because it does not state a crime.

A proper analysis of the three contentions mentioned necessitates setting out the two sections of the statute involved. Section 1 of the Act defines a dependent or neglected child as follows:

"For the purposes of this Act a dependent and neglected child shall mean any male who while under the age of 17 years or any female who while under the age of 18 years, for any reason is destitute, homeless or abandoned; or dependent upon the public for support; or has not proper parental care or guardianship; or habitually begs or receives alms; or is found living in any house of ill fame or with any vicious or disreputable person; or has a home which by reason of neglect, cruelty or depravity on the part of its parents, guardian or any person in whose care it may be is an unfit place for such child; and any child who while under the age of 10 years is found begging, peddling or selling any articles or singing or playing any musical instrument for gain upon the street or giving any public entertainments or accompanies or is used in aid of any person so doing."

Section 2 of the Act provides a penalty for contributing to the dependency or neglect of a child, the relevant part of which section reads as follows:

"Any parent, legal guardian or person having the custody of a male under the age of 17 years or of a female under the age of 18 years, who shall knowingly or wilfully cause, aid or encourage such person to be

or to become a dependent and neglected child as defined in Section 1, or who shall knowingly or wilfully do acts which directly tend to render any such child so dependent and neglected, or who shall knowingly or wilfully fail to do that which will directly tend to prevent such state of dependency and neglect shall be deemed guilty of the crime of contributing to the dependency and neglect of children and on conviction thereof shall be punished by a fine of not more than $200.00 or by imprisonment in the county jail, house of correction or work house for not more than one year or both by such fine and imprisonment.''

The trial in this case was upon an amended information consisting of two counts. Both counts set out that the defendant was the mother and had the custody of her seven minor children, the same being five girls of the ages of 12, 11, 7, 5, and 3 years, and two boys of the ages of 9 and 4 years. Count I, after setting out the formal matter and the above custody and ages of the children, then proceeded to charge that on the 26th day of July 1948, and on diverse dates prior thereto, the said Eloise Standerfer ''did fail to provide the proper parental care to said minor children and did fail to provide said children with the proper and suitable food and clothing and did leave said children at night for several hours unattended and did keep said children in a home, which by reason of her neglect was an unfit place for said children . . . .''

Count II, after alleging the formal part and the information about the names and ages of the children, then charges that the said Eloise Standerfer did on the 26th day of July 1948, and on diverse dates prior thereto ''fail to provide suitable food and clothing for said children and failed to keep them from being dependent upon the public for support, did fail to give them proper parental care, in that she did fail to remain at home with them and did leave said children

unattended in the nighttime while she was away from home without any reasonable cause and did fail to keep said home clean and a fit place for said children but on the contrary left the said children without food and clothing and the premises in a dirty and unsanitary condition . . . ."

██ ██ It is not necessary for us to construe the above cited statute for our Supreme Court in *People v. Chiafreddo,* 381 Ill. 214, has squarely held that the statute in question is of the type which does not describe the act or acts composing the crime and that it is necessary for the information to set forth the act or acts done or the act or acts which are failed to have been done that are relied upon to constitute the crime. In that case, on page 223, the court uses the following language:

"Here the statute creating the offense does not describe the acts composing it. This being true, it was necessary to aver in the information facts which would show *acts* on the part of plaintiffs in error, which directly tend to render their child a dependent and neglected child and facts which would show that they wilfully failed to do *that* which would directly tend to prevent such state of dependency and neglect. It is also necessary in an information, under this statute, to allege *facts* claimed to constitute a failure to give to the child *proper parental care and guardianship.*"

It is also a familiar rule of construction that a criminal or penal statute should be strictly construed. *People v. Lund,* 382 Ill. 213.

A careful analysis of the amended information in question reveals that the alleged acts averred as constituting the crime may be enumerated as follows:

(1) Failed to provide proper parental care. (2) Failed to provide said children with proper and suitable food and clothing. (3) Did leave the children at night for

several hours unattended. (4) Did keep said children in a home which by reason of her neglect was an unfit place for children. (5) Failed to keep them from being dependent upon the public for support. (6) Failed to give them proper parental care in that she failed to remain at home with them and did leave said children unattended in the nighttime while she was away from home without reasonable cause. (7) Failed to keep said home a clean and a fit place for said children, but on the contrary left said children without food and clothing and left the premises in a dirty and unsanitary condition. We will hereafter refer to these charges by numbers given in this paragraph.

It should be stated that nowhere does the amended information charge immorality or depravity and no where is any cruelty, abandonment or desertion averred.

 The charges 1 and 4 are based on statutory language, "proper parental care" and "unfit place." The statute does not attempt to describe or define these phrases, which are in broad and general terms, nor does the statute attempt to describe acts which do or do not constitute "proper parental care" or an "unfit place." Therefore, under the reasoning of *People v. Chiafreddo, supra,* these parts of the statute must be interpreted as requiring the pleader to specify the acts relied upon. The amended information makes no attempt to do this. Charge 4 is also in the language of the statute in averring that defendant failed to keep said children from being "dependent on the public for support." This language presupposes that children are actually dependent upon the public and requires averments of actual public support, by whom and when the support is given, as well as averments of acts which the defendant did or failed to do which were responsible for the dependency.

459

The enumerated charges 2 and 7 are pure conclusions without any facts pleaded to support them. What is "proper and suitable" food is a question upon which medical experts sometimes disagree. Suitable clothing varies greatly with change of seasons and age of children. There are no allegations from which it can even be inferred that the food was insufficient or that the children were undernourished or suffering from malnutrition. As to charge 7, the words "dirty" and "unsanitary" are highly relative terms. They did not give the court or defendant reasonable notice of what facts or conditions of the home the prosecution intended to produce. Nor does the charge state for how long a period the home was left dirty or unsanitary.

The enumerated averments numbers 3 and 6 may be treated together, for both of these averments have to do with leaving the children unattended. There is nothing in these averments that shows how long a period of time the children were left unattended nor during which portion of the night they were unattended. If these children were left for several hours with no one else present, we cannot infer that such state of facts shows the older children or the younger children to have been neglected, without additional information being pleaded. Without an allegation showing that for some reason the older children or the younger children needed the care at this time of some older person, we must necessarily conclude that the older of the seven children were for some considerable period of time capable of taking care of themselves and also capable of caring for the younger children. We can only arrive at one conclusion, *viz:* that the enumerated averments 3 and 6 as stated do not charge the commission of crime.

Our analysis and examination of the amended information in this case shows that it is not sufficient to

460

charge a crime and that the lower court, therefor, committed reversible error in not sustaining the motion to quash the information and in not granting the motion in arrest of judgment. It is therefor unnecessary to discuss the other assigned errors.

The judgment of the lower court is reversed.

*Judgment reversed.*

SCHEINEMAN and CULBERTSON, JJ., concur.