ANTONIO EADS, a Minor by his Mother and Next Friend, Bonnie Helfand, Plaintiff-Appellant, v. JOHN THOMAS, Indiv. and d/b/a Thomas' Garage, *et al.*, Defendants-Appellees (John Thomas, Indiv. and d/b/a Thomas' Garage, Third-Party Plaintiff; Carman Enterprises, Inc., Third-Party Defendant).

Fourth District   No. 4—87—0508

Opinion filed March 30, 1988.—Rehearing denied April 29, 1988.

Perz, McGuire, Condon & Ridge, of Chicago (Joseph T. McGuire and Stephen J. Smalling, of counsel), for appellant.

Glen A. Featherstun and Frederic L. Kenney, both of Armstrong, Winters, Prince, Featherstun & Johnson, of Decatur, for appellee John Thomas.

Garry E. Davis, of Erickson, Davis, Murphy & Paine, Ltd., of Decatur, for appellee Keith Shell.

JUSTICE LUND delivered the opinion of the court:

Plaintiff Antonio Eads, a minor, by his mother and next friend, Bonnie Helfand, appeals from orders of the circuit court of DeWitt County, granting summary judgment in favor of defendant John Thomas, individually and d/b/a Thomas' Garage (Thomas), as to plaintiff's count I of the fifth-amended complaint and granting summary judgment in favor of defendant Keith Shell, individually and d/b/a Shell-Downs Motors (Shell), as to plaintiff's count III of the fifth-amended complaint. The trial court entered Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) findings as to both orders.

The cause of action results from an accident on June 22, 1984. Plaintiff was a 12-year-old boy who had been befriended by Thomas and his employees. Thomas ran a gasoline service station adjoining Shell's garage and on property Thomas leased from Shell. Thomas and his family owned a race car and participated in stock car races. On June 22, 1984, work was being done on the race car, and plaintiff took a wheel to the air pump, filled the tire, and rolled it back to the area of the race car. The wheel exploded, blowing off part of the rim and injuring plaintiff.

Counts I and III of the amended complaint attempt to state a cause of action based on a violation of section 7 of the Child Labor Law (Ill. Rev. Stat. 1983, ch. 48, par. 31.7). The allegations in the two counts did not state plaintiff was *employed* by either Thomas or Shell.

Instead, it was alleged that the plaintiff "was injured in the course of doing work," and referred to the defendants violating "the duty to refrain from permitting or suffering the minor plaintiff to work in or about a service station." The record clearly indicates the plaintiff was not an employee of either Thomas or Shell.

The Child Labor Law provided in part:

"No minor under the age of 16 years of age shall be employed, permitted or suffered to work:

\* \* \*

(17) In or about any filling station or service station." (Ill. Rev. Stat. 1983, ch. 48, par. 31.7(17).)

Plaintiff argues that "permitted or suffered to work" should be interpreted as applying the Child Labor Law to his performance of an act of work, *i.e.*, servicing a tire. He contends section 7 of the Child Labor Law protects not only those who are employed, but also those who are allowed to do work at a garage, filling station, or service station.

*Purtell v. Philadelphia & Reading Coal & Iron Co.* (1912), 256 Ill. 110, 99 N.E. 899, and *Gorczynski v. Nugent* (1948), 402 Ill. 147, 83 N.E.2d 495, are cited for plaintiff's position. While *Purtell* explains that one of the purposes of the Child Labor Law is to protect children from hazardous occupations, neither case stands for plaintiff's position in the present case. *Purtell* involved a young boy being employed by the defendant's laborers to haul water during the work process. *Gorczynski* involved a young child being employed by a horse owner at defendant's horse track. Both boys were employed, and the work done related to the occupation of the defendants. As we have indicated, Antonio Eads was not employed.

The legislative history is devoid of legislative debate which would assist in interpreting the Child Labor Law. The Child Labor Law has historically contained two prohibitive sections. Section 1 of the Child Labor Law was in effect prior to the 1945 amendment of House Bill 508 (64th Ill. Gen. Assem., House Bill 508, 1945 Sess; 1945 Ill. Laws 754) and provided a general limitation as to certain listed occupations, and provided in part:

"No minor under the age of fourteen years shall be employed, permitted or suffered to work at any gainful occupation in, for or in connection with, any \*\*\*." Ill. Rev. Stat. 1945, ch. 48, par. 17.

Section 10 of the Child Labor Law referred to many seemingly hazardous occupations and began with the words:

"No minors under the age of sixteen years shall be employed

at sewing belts, in any capacity ***." (Ill. Rev. Stat. 1945, ch. 48, par. 26.)

Section 1 of the 1945 amendment, which is similar to the present Child Labor Law, began with the words:

"No minor under sixteen years of age at any time shall be employed, permitted or suffered to work in any gainful occupation in connection with ***." (Ill. Rev. Stat. 1945, ch. 48, par. 31.1.)

Section 7 of the 1945 amendment was entitled "Hazardous occupation" and, evidently, replaced the prior section 10. Section 7 provided:

"No minor under the age of sixteen (16) years of age shall be employed, permitted or suffered to work ***." (Ill. Rev. Stat. 1945, ch. 48, par. 31.7.)

Section 7 then listed areas of work, but did not use the term "any gainful occupation."

All of the sections we have considered are descendants of the 1897 Child Labor Law to regulate the employment of children. Section 1 of the 1897 Child Labor Law provides in total:

"That no child under the age of fourteen years shall be employed, permitted or suffered to work for wages at any gainful occupation hereinafter mentioned." (1897 Ill. Laws 90.)

Section 2 of the 1897 Child Labor Law (1897 Ill. Laws 90) places a record-keeping duty on the "person, firm or corporation *** employing minors." The required record keeping applied to "every child employed, or permitted or suffered to work therein under the age of sixteen years."

Sections 4, 5 and 6 of the 1897 Child Labor Law provided:

"Sec. 4. No person under the age of sixteen years shall be employed or suffered to work for wages at any gainful occupation more than sixty hours in any one week, nor more than ten hours in any one day.

Sec. 5. The presence of any person under sixteen years of age in any manufacturing establishment, factory or workshop shall constitute *prima facie* evidence of his or her employment therein.

Sec. 6. No child under the age of sixteen years shall be employed, or permitted or suffered to work by any person, firm or corporation in this State at such extra hazardous employment whereby its life or limb is in danger, or its health is likely to be injured, or its morals may be depraved." 1897 Ill. Laws 90, 91.

■ The use of the phrase "gainful occupation" implies an employment relationship. "Occupation" in the sense used in these sections is

defined as "one's regular business or employment." (Black's Law Dictionary 1230 (4th ed. 1951).) The other terminology of the various sections of the Child Labor Law implies employment. Illinois courts have interpreted the words "permitted or suffered" to impose liability on a defendant who does not directly employ a minor in violation of the Child Labor Law, but who has enough control over the employer to discover the illegal employment and put an end to it. *Purtell v. Philadelphia & Reading Coal & Iron Co.* (1912), 256 Ill. 110, 99 N.E. 899 (coal company owed duty of reasonable care to stop its employees' long-standing custom of illegally hiring minors as water boys); *Gorczynski v. Nugent* (1948), 402 Ill. 147, 83 N.E.2d 495 (racing board rules empowered defendant race track to suspend horse owner for illegally employing minor).

Regardless, we find this issue to be determined by a basic rule of statutory construction. Sections 17.3 and 19 of the Child Labor Law (Ill. Rev. Stat. 1983, ch. 48, pars. 31.17—3, 31.19) provide for penalties. Section 19 makes a violation of the Child Labor Law a Class A misdemeanor and provides for a separate offense for each day the violation continues. A Class A misdemeanor can result in a fine of $1,000 (Ill. Rev. Stat. 1985, ch. 38, par. 1005—9—1(a)(2)) and confinement of any time less than one year (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—3(a)(1)). Penal statutes are strictly construed. 3 A. Sutherland, Statutory Construction §59.03 (4th ed. 1986); *People v. Standerfer* (1950), 339 Ill. App. 454, 458, 90 N.E.2d 229, 231; *People v. Lund* (1943), 382 Ill. 213, 216, 46 N.E.2d 929, 930; see *Edwards v. Hill* (1849), 11 Ill. 22, 23.

We recognize there are statutes penal in nature, yet "enacted for the benefit of the public generally and should receive a fair and reasonable construction." (*People v. Tallmadge* (1927), 328 Ill. 210, 215, 159 N.E. 319, 322.) The present statute is enacted for the benefit of those who come within its coverage. We find that the strict construction rule application does not interfere with a fair and reasonable construction. Early history indicates the intention was to prevent employer exploitation of children by employing them in hazardous occupations. If we adopt plaintiff's argument, the operator of a service station could be exposed to a violation of the Child Labor Law when a customer's 15-year-old child fills the gas tank of the family auto at a self-service pump. Limiting the Child Labor Law to the employed is not unreasonable. Extension of the coverage of the Child Labor Law is more properly within the realm of the legislative branch of government than the judicial branch.

Both counts I and III were premised on a violation of the

534

Child Labor Law. Employment, not just work, was required before the Child Labor Law could be violated. Plaintiff was not employed. The summary judgments were correctly entered.

■ Plaintiff alleges error relating to violation of local Rule 2.1(f) (Rules of Practice of the Circuit Court, Sixth Judicial Circuit, Rule 2.1(f), eff. June 1, 1983), which provides that a motion for summary judgment will not be heard until at least 10 days after service of the motion. At the hearing, the trial court heard plaintiff's objection and indicated a willingness to grant a motion for continuance to give plaintiff additional time. Plaintiff's attorney withdrew his motion prior to the argument on the summary judgment motions. Any error is waived.

Plaintiff's argument contending a violation of his right to trial by jury is frivolous and does not justify further comment.

For the above reasons, the decisions of the circuit court of DeWitt County are affirmed.

Affirmed.

KNECHT and SPITZ, JJ., concur.