998 F.2d 1018
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Tammy ALLARD, Plaintiff Appellant,
v.
FRISINA ENTERPRISES, INC., d/b/a Ski-Hi Drive-In Theater,
Defendant Appellee.
 No. 89-1815.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 5, 1990.
Filed: July 7, 1993.
 
 Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Tammy Allard appeals from an order granting summary judgment in favor of Frisina Enterprises on her claim for personal injuries under the Missouri Child Labor Laws, Mo. Rev. Stat. §§ 294.011-294.044 (Cum. Supp. 1991). Tammy Allard, 12 years old, was injured on September 2, 1979, by a riding mower operated by her brother, John Allard, who was cutting the grass at the drive-in theater owned by Frisina Enterprises. The district court[1] held that the child labor laws did not apply in this case because Frisina did not employ or permit Allard to work on the theater premises. Allard argues that Frisina's agent had knowledge that she was working on the premises, and thus the child labor laws apply. We affirm the entry of summary judgment.
 
 
 2
 John Golden, the stepfather of Tammy and John Allard, contacted Phillip Connor, the projectionist at Frisina's drive-in theater, about mowing the theater's grass. Golden asked Connor to ask his boss about cutting the grass. Connor told Golden that his boss wanted Golden to mow the grass, and before each time that Golden mowed the grass Connor got permission from his boss. Golden admitted that Connor never represented himself as being in charge of the grounds, and that he understood that Connor had no authority to hire or tell him what to do. Golden dealt with no one at the theater other than Connor.
 
 
 3
 On the day of the accident, Golden asked Tammy and John Allard to go with him while he cut the grass. He stated that it was a Sunday and that he wanted to take the children with him so that their mother could sleep. Tammy Allard testified that Golden told her that if she helped mow the grass he would pay her, although he never paid her. She stated that nobody from the theater asked or hired her to help mow the grass.
 
 
 4
 Tammy Allard sued Frisina and the Toro Company and the district court granted summary judgment for Frisina. Allard appealed, and we requested that the district court file an order stating in detail its reasons for granting summary judgment. The district court then filed an order stating that Allard's claim failed because she "was at best an accommodation worker or volunteer, and the child labor statutes do not afford benefit to her." Allard v. The Toro Co., No. N 88-0106 C, slip op. at 6 (E.D. Mo. Dec. 12, 1989). The district court reasoned that Frisina did not request or know that Golden would have children accompany him to the theater to mow the grass and that Frisina could not be the employer of Tammy Allard because Allard's only arrangement to help mow the lawn was with her stepfather. Id. at 4-5. The district court stated that Connor was the only employee who might have seen Tammy Allard on the premises, and that he had no influence or authority over the grounds or Golden's work. Id. at 5-6.
 
 
 5
 On appeal, Allard argues that Connor was Frisina's agent. She claims that Connor's knowledge that she was working on the premises is attributable to Frisina because Connor had the authority to hire Golden to mow the grass, and thus had all authority reasonably necessary to accomplish that goal.
 
 
 6
 In reviewing an order granting summary judgment, we apply the same standard that governs the district court. We consider the record in the light most favorable to Tammy Allard, and affirm the grant of summary judgment only if there is no issue of material fact, and Frisina is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). In this diversity case, we review the district court's determinations of state law de novo, giving the determinations no deference. Salve Regina College v. Russell, 111 S. Ct. 1117, 1125 (1991).
 
 
 7
 The district court found particularly instructive Turner v. Whyman, 411 S.W.2d 132 (Mo. 1967). In that case, an apartment building owner told a tenant that he could hire the tenant's teenage son to "shoo" pigeons out of the apartment's attic. Id. at 133. The tenant had an 8-year old boy help him, and the boy was hurt when he fell from a fire escape. Id. at 133-34. The court affirmed entry of a directed verdict against the plaintiff on negligently inviting the child to assist with the work and in violating the child labor laws. Id. at 135. The court reasoned that there was no way that the owner knew or should have known that the tenant would use young children to clear out the pigeons, and that the tenant had no authority to hire anyone other than his teenage son. Id. at 134-35.
 
 
 8
 Allard suggests that Turner is distinguishable because even if she was not "employed," she was "permitted or suffered to work[2]" on the theater premises. Allard continues that Frisina knew or should have known that children under age sixteen were being permitted or suffered to work in connection with power driven machinery, and thus, in violation of Mo. Rev. Stat. § 294.040(1) and (17) (1986)[3]. We find no Missouri cases that define the phrase "permitted or suffered to work" in the setting of child labor laws. The Illinois Court of Appeals, however, interpreted similar language in Eads v. Thomas, 521 N.E.2d 628 (Ill. App. Ct. 1988). The court affirmed summary judgment in favor of a service station operator when a twelve-year old boy, who was a friend of the station operator and his employees, was injured when a wheel exploded. Id. at 629. The court examined the Illinois Child Labor Law, and concluded that the statute did not apply because the boy was not employed by the service station. Id. at 630-31. The court examined a statute quite similar to Missouri's, and concluded that the phrase "gainful occupation" required an employment relationship. Id. at 630.
 
 
 9
 Connor's knowledge that Allard was working on the premises did not create an employment relationship between Allard and Frisina. Although there was testimony that Connor may have seen Tammy Allard on the premises, Golden's testimony established Connor's limited authority. Golden admitted that each time he mowed the grass, Connor did no more than contact his boss to see if he wanted Golden to mow the grass. Golden knew that he had to talk to Connor before mowing the grass, but Connor never represented himself as being able to hire Golden or as having authority over him. The owner of Frisina also submitted an affidavit that Frisina had nothing to do with Allard's presence on the premises and did not request or know that Golden would bring his children with him. Cf. Teel v. Gates, 482 P.2d 602, 604 (Okla. 1971) (employer authorized children to be on premises). Golden's testimony makes clear that he took Tammy and John Allard to the theater that weekend so that their mother, who worked at night, could sleep. Tammy Allard confirmed that she was simply helping her dad.
 
 
 10
 The district court did not err in concluding that Frisina did not employ, permit, or suffer her to work on the premises. We affirm the district court's entry of summary judgment in favor of Frisina.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri
 
 
 [2]
 Mo. Rev. Stat. § 294.021 (1986) provides: "No child under fourteen years of age shall be employed, permitted or suffered to work at any gainful occupation at any time." This statute was amended in 1989. Mo. Rev. Stat. § 294.021 (Cum. Supp. 1991)
 
 
 [3]
 This provision was also amended in 1989. Mo. Rev. Stat. § 294.040 (Cum. Supp. 1991)